### WILLIE WALTSON *v.* BATTLE BRYAN.

In a case where, prior to the act suspending the C. C. P., judgment had been taken in the Clerk's office for want of answer, &c., and the defendant appealed to the Judge : *Held,* that the Judge had power to strike out such judgment, and allow an answer or demurrer to be filed.

The interest which a lessor reserves, for rent, in the crop of his tenant, is not, before a separation thereof, liable to be levied on, under an execution against the lessor.

(*Thomas* v. *Womack, ante* 657, approved.)

CIVIL ACTION, before *Jones, J.,* at Chambers, for EDGECOMBE, March 16, 1869.

The complaint stated that the plaintiff was assignee of one Griffin, of a crop of cotton, (26 bales,) raised by the latter, upon land leased to him by John L. Bridgers as executor of one Powell; that Griffin was to have paid Bridgers one-fourth of the crop for rent, but claimed that as Bridgers owed him a debt, contracted by a partnership of which Bridgers had been a member, which was greater than the value of the rent, therefore he would retain the rent due to *him* as executor; and that the defendant, as sheriff, had levied upon and sold six bales of the cotton, after it had been bought by the plaintiff, under an execution against Bridgers as executor of Powell. It demanded judgment for the money realized by the defendant at such sale.

The summons was issued, and service thereof was accepted, upon the 26th of January 1869. It was returnable to the Clerk's office, and required an answer or demurrer within twenty days, &c. On the 3d day of March 1869, the plaintiff demanded judgment, as no answer or demurrer had been filed. This was resisted by the defendant, upon the ground that the complaint did not set forth a sufficient cause of action, and he moved to dismiss the action upon that account.

The Clerk refused to allow such motion, and the defendant appealed to the Judge.

At Chambers, the defendant renewed the above motion, and also moved to vacate the judgment and to be allowed to demur.

These motions were overruled, and the defendant appealed to this Court.

*Howard,* for the appellant.
*Battle & Sons, contra.*

RODMAN, J. For the reasons given in *Thomas* v. *Womack, ante* 657, we think the Judge had the power to allow all amendments of the process and pleadings which were necessary to bring the case before him for decision on its merits.

Without injustice to the Judge, we may assume that he would have allowed all such amendments if he had thought it within his power to do so. This Court has frequently recommended to the Judges a liberal allowance of amendments in the process and pleadings, when the object is to present a case fairly, on its merits. It is the object of all systems of procedure and pleading, that cases should be so tried, and every case that goes off otherwise than by a decision on its merits, except where one party is grossly negligent, is a discredit either to the system or to the pleaders. We think that we are at liberty to consider this case, as if the proper amendments were made, and as if the defendants had demurred generally to the complaint. We suppose that a decision from this point of view will be more acceptable to the parties, than one which would merely send it back to the Judge, to allow amendments which would at last bring it, to this question.

We are of opinion that the plaintiff states in his complaint

a sufficient cause of action. It has been often decided that where a tenant agrees to pay a certain part of the crop as rent, the property of the whole crop is *in him* until the decision. The principle is the same, when the landlord is to pay a certain part of the crop to a laborer for his wages; in such case, the property in the crop is with the landlord until a decision. In whom the property remains until the separation, depends in all cases upon the agreement; it is not a rule of law, it is simply a question of the interpretation of a contract. He who owns the soil during the year, owns the crop raised on it. Here the declaration states that Bridgers rented the land to Griffin, who agreed to pay part of the crop as rent; the separation therefore was to be made by Griffin, and the property in the whole crop vested in him until the separation was made. Here it was never made. The claim of Griffin to a set off against the rent, is wholly immaterial, and does not affect the case. Neither does any question of the lien of a landlord on the crop for rent, arise here. Such a claim is personal to the landlord, or to his assignee, and the defendant who represents an execution creditor of the landlord, is not such assignee. In other words, the right of the landlord to the rent, was a mere chose in action, which perhaps a creditor might have made available by supplemental proceedings, under sec. 264, *et seq.*, of the C. C. P., but certainly his execution gave him no right, by a mere levy to separate the rent from the whole crop, and then to sell any particular bales of cotton as being that share. The rent, for aught the creditor could know, might have been paid, in whole or in part; certainly he could not know that any particular six bales of cotton represented that rent. The execution in the hands of the defendant authorized him only to levy on the tangible property of Bridgers; the cotton which he levied on, was not the property of Bridgers at all, but of the plaintiff. The act of the defendant, therefore, was

unlawful, and the plaintiff might recover from him, either the value of the cotton, or the sum which the defendant sold it for. The plaintiff claims only the last. Considering a general demurrer to have been entered, we think it should have been overruled.

The judgment of the Court below, therefore, was substantially right, and is affirmed.

The plaintiff will recover his costs in this Court.

PER CURIAM.                     Judgment affirmed.