### TOBIAS KESLER v. GEORGE F. CORNELISON.

*Emblements—Crops—Execution   Sale—Landlord   and'  Tenant.*

1. Crops are personal property, and upon the death of the owner go to his personal representative.   Before maturity they are not subject to sale under execution, and therefore a purchaser of land at an execution sale acquires thereby no title to the crops then growing thereon.

2. *The Code*, §1754, only vests the possession of the crop in the landlord in order to secure a compliance with the terms in the lease; as against all other persons the title is in the tenant or his assignees.

(*Walston* v. *Bryan*, 64 N. C., 764; *Gorden* v. *Armstrong*, 5 Ired., 410; *Walton* v. *Jordan*, 65 N. C., 172; *Shannon* v. *Jones*, 12 Ired., 206, and *Brittain* v. *McKay*, 1 Ired., 265, cited).

CIVIL ACTION, originally commenced in a Justices Court, and carried by appeal to the Superior Court and tried before *Clark, Judge,* a jury trial being waived, upon the following statement of facts agreed, at August Term, 1887, of ROWAN Superior Court:

1. That plaintiff purchased on August 24th, 1885, at sheriff's sale, under execution issuing out of Rowan Superior Court, upon a judgment docketed therein in favor of Luke Blackmer against Louisa Mason, all the right, title and interest of said Louisa in and to the lands described in the complaint.

2. That the levy of said execution was in the following words and figures, to-wit: "Levied this execution, this 27th June, 1885, on the right, title and interest of the defendant in and to 211 acres of land in Rowan county, adjoining the lands of James A. Craige, Peter Hairston, R. Krider and others, there being found no personal property in my county to satisfy this execution.

C. C. KRIDDER,
*Sheriff of Rowan County.*"

3. That at the time of the levy and sale the lands were rented to one Hubbard Parker as tenant of Louisa Mason, who then and there had upon said lands a crop of cotton growing and ungathered.

4. That the defendant Cornelison was the agent of Louisa Mason, and as such had rented the lands to Parker, and that after levy and sale, to-wit: in November, 1885, Cornelison collected from Parker the sum of $13.70, being the net proceeds of the rent arising from said crop of cotton growing and ungathered at the time of the sale and levy, promising Parker at the time that he would pay the same over to the plaintiff Kesler if he was entitled thereto.

5. That Louisa Mason had by parol contracted and agreed with defendant Cornelison that he should be paid for his services as such agent out of the said crop, and that she was at the time of levy and sale indebted to him in a sum in excess of $13.70 for such service.

6. The plaintiff contended that he was entitled to the proceeds of the sale of the cotton by virtue of the levy and sale,

and the defendant insisted that the plaintiff acquired no title to the crop by virtue of said levy on the land; and also insisted that he was entitled to the crop by virtue of the contract mentioned in paragraph (5) five of this case.

Upon the foregoing facts, his Honor was of the opinion the plaintiff was not entitled to recover, and gave judgment accordingly, and plaintiff appealed.

*Mr. J. M. Mauney,* for the plaintiff.

*Messrs. Kerr Craig* and *L. Clement* (by brief), for the defendant.

DAVIS, J.   The plaintiff acquired no title to the crop by his purchase of the land under execution.

Prior to 1844 growing crops were the subject of levy and sale under execution, as personal property.   Since the act of 1844 (*The Code,* §453), they are not subject to levy till matured, but they are none the less personal property, and upon the death of the owner go to the executor or administrator as personal assets.

In the present case the defendant, as the agent of Louisa Mason, had rented the land to one Parker for the year 1885, and though by §1754 of *The Code,* the crops are deemed and held to be vested in possession of the lessor, this is only for the purpose of securing compliance with the stipulations in the lease; and as against every one else the title to the crop is in the lessee or his assigns.   The estate in the land during the term of the lease was in him, and there was no levy, and could be no levy, upon the growing crop.   *The Code,* §453; *Walston* v. *Bryan,* 64 N. C., 764; *Gordon* v. *Armstrong,* 5 Ired., 410; and the title to the crop did not pass by a levy and sale of the land.   *Walton* v. *Jordan,* 65 N. C., 172; *Shannon* v. *Jones,* 12 Ired., 206; *Brittain* v. *McKay,* 1 Ired., 265. There is no error.

No error.                              Affirmed.