Gaston, Judge.
 

 The only matter in contestation is, what was the agreement upon which the plaintiff transferred to Crissman the benefit of his bid at the execution sale. The
 
 *269
 
 latter has insisted that it was an act purely gratuitous — and that Lyon was to be in no way interested in the purchase. There are several circumstances, rendering this representation highly improbable. The answer avers that the d.efend-ant had sold the land, so conveyed to him, for tobacco, and had tendered to the plaintiff his
 
 rateable proportion,
 
 of this tobacco. What means this alleged tender, if Lyon had no interest in the land? Again, the price bid by Lyon was $101; he was able to pay, with his own means, but $26, and applied to Crissman for a loan of $76, to enable him to complete a highly desirable purchase — and, instead of this arrangement, Crissman takes the land to himself, at $101, pays $75 with his own money, and borrowed from Lyon the $26, being the exact and full amount of all
 
 he
 
 had been able to get together, to make his payment. And this is alleged to be done solely to disappoint the next highest bidder to Lyon. And for the money, so lent by Lyon, there is no security.
 

 But, the proofs are full and positive — so much so, that the only defence made at the hearing was, that no parol evidence ought to be received of the agreement. If the objection be, that the agreement is void, because not reduced to writing, and this objection could avail any thing, it should have been set up in the pleadings. But this has not been done. The plaintiff avers one agreement, and the defendant sets up another; and the parties have left it to proof which representation of the transaction is the true one.
 
 Either
 
 may consist with the fact of the sheriff’s deed having been made to the defendant. The sheriff was no party to the agreement, and the proof of it does not violate the rule which forbids parol evidence to be received to contradict or explain a written instrument.
 

 The conveyance of the legal estate to the original defendant is declared good, as a security for the money advanced by him to the plaintiff; the ordinary accounts as between mortgager and mortgagee are to be taken; and the plaintiff is to be let in to redeem, on payment of what may be found due.
 

 P.er Curiam. ' Decree accordingly.