The allegations in the plaintiff's bill are that he entered into a parol agreement with the defendant Teague to exchange a tract of land which he owned in Pickens District, South Carolina, for a tract which the defendant Teague owned in the county of Macon, one of the terms of which said agreement was that Teague should surrender a judgment for about seventy-five dollars which plaintiff owed him, and that as soon as they could get a friend to do the writing between them the proper deeds of conveyance were to pass from the one to the other, and that confiding in the promises of the defendant he left his home in Pickens District and removed to the land thus procured in exchange, lying in Macon County. He states that there was no memorandum of the agreement in writing made at the time, because they were both illiterate and could not write. That Teague, instead of complying with his agreement to make a deed, caused the land of plaintiff in South Carolina to be sold to satisfy the judgment which he had promised to surrender as the difference between their lands, and purchased the same himself at the sheriff's sale and refused to make the exchange, but sold the land in Macon to the defendant Calhoun, who had notice of plaintiff's equity.
The prayer of the bill is for a specific performance of the contract, and for general relief.
The defendant Teague answered, admitting such an agreement was made, but insisted on the protection of the statute making void agreements for the sale of lands not being in writing and signed by the party to be charged therewith. The other defendant also answered, denying all knowledge of the plaintiff's equity, and insisting on the protection of the statute.
There was replication to the answer, commissions and proofs (279) taken, but as the opinion of the Court rests upon the pleading, the proofs are immaterial.
By the English courts of equity, and by those of this country, the statute requiring all contracts for the sale of lands or any interest therein to be in writing and signed by the party to be charged therewith is held to be one for the suppression of frauds and perjuries. The former courts have put such a construction upon this statute as in their judgment best carries out the intention of the Legislature. Thus they have decided that a substantial part performance of a parol contract will take a case out of the statute, as where the purchaser has been put into possession of the bargained premises upon the ground that it would be a fraud in the party refusing to execute it under such circumstances. Our courts have refused to follow the example of the English courts in this particular. The first case under our statute wasEllis v. Ellis, 16 N.C. 180, where it was decided that our statute ought to receive the same construction with the English statute. This case was, however, reviewed very soon thereafter, and the decree reversed,21 N.C. 341. The doctrine upon this point has ever since been considered as settled in this State: that where to a bill for the specific performance of a parol contract the defendant denies the contract as alleged, and relies on the statute, no parol evidence can be received even upon the ground of part performance. This case presents another question which, though not an open one now in England, is so here, whether a defendant who admits a parol contract in his answer can protect himself against its execution by pleading the statute. At one time it was held that if a bill for the specific performance of a contract stated the agreement generally, without specifying whether it was in writing (280) or not, as that general statement may be understood of an agreement in writing, a plea in the nature of an answer would be admitted. Morrison v. Towne, 18 Ves., Jr., 182; Whitechurch v. Bevis, 2 Bro. Ch., 566; Story Eq. Pl., s. 762.
But if the bill stated the agreement to be in writing, and seeks only the execution of the contract, a plea that there is no such agreement in writing will not be received without an answer. Same cases. It is now, however, settled in England that this plea extends as well to the discovery as to the performance of the parol agreement, and that a defendant may, while he admits or confesses the parol contract, protect himself under the act from its performance by pleading the statute. Whitechurch v. Bevis, ubisupra; Cooper Eq. Pl., 256; Lord Redesdale's opinion in Mitford Eq. Pl., 266-8, where the doctrine is examined; Story Eq. Pl., 763, and in note. The doctrine is summed up as follows: "At length it seems to have been decided that although a parol agreement be confessed by the defendant's answer, yet if he insists upon the protection of the statute, no decree can be made merely on the ground of that confession." Our courts having discarded the *Page 193 
construction of the English courts as to part performance, the principle as above stated is freed from the closing condition, and in analogy with the previous decisions we have no hesitation in saying that a defendant may in his answer admit the parol contract without depriving himself of the protection of the statute by his plea or answer, and that the Court cannot, under such a state of things, decree a specific performance.
Here the bill states that the contract was by parol, and the defendant admitting it claims the benefit of the statute, the bill must be
PER CURIAM. Dismissed with costs.
Cited: Breaid v. Munger, 88 N.C. 300; Love v. Atkinson, 131 N.C. 547;Rhea v. Craig, 141 N.C. 610.
(281)