CHARLES M. BONHAM and others v. THOMAS CRAIG and others.

*Pleading—Evidence—Parol agreement to reconvey land.*

1. Where an allegation in the complaint is not denied in the answer, it is admitted and is as effectual as if found by a jury.

2. The parol agreement of a grantee to reconvey land made at the time it was conveyed to him by a deed absolute on its face—no accident, fraud, mistake, or undue advantage being alleged—will not be enforced upon parol evidence. No such evidence is competent to set up and attach the agreement to the conveyance as a trust or otherwise.

3. If such parol agreement be alleged in the complaint but denied in the answer, it is not necessary for defendant to insist on the statute as a bar; or, if it be admitted in the answer and the statute is set up as a defence, the defendant is entitled to its benefit.

(*Streator* v. *Jones*, 1 Mur. 449; *Sowell* v. *Barrett*, Busb. Eq. 50; *Dickinson* v. *Dickinson*, 2 Mur. 279; *Campbell* v. *Campbell*, 2 Jones Eq. 364; *Lyon* v. *Crissman*, 2 Dev. & Bat. Eq. 268; *Dunn* v. *Moore*, 3 Ire. Eq. 364; *Sain* v. *Dulin*, 6 Jones Eq. 195, cited and approved.)

BONHAM v. CRAIG.

CIVIL ACTION tried at June Special Term, 1878, of NEW HANOVER Superior Court, before Eure, J.

It was admitted in the pleadings that in May, 1863, one Charles Craig was seized of certain lands which is the subject of the controversy, and executed a deed in fee for the same to his brother, the defendant Thomas Craig, on the 15th of May, 1863.

1. Plaintiffs allege that said Craig, then sixty years of age, was about to leave the state for Bermuda and Nassau; and being in doubt whether he would ever return, he executed the said deed upon the distinct and express agreement with his brother that upon his return the premises were to be reconveyed to him; that the deed was made without any valuable consideration, and the grantee was to have no beneficial interest therein unless the grantor should die before he should return to the state. Defendants denied this allegation and said the deed was made without any condition whatsoever, voluntarily and of the own free will and accord of the grantor.

2. Plaintiffs alleged that about the close of the war Charles Craig returned to the state and took possession of said premises without objection on the part of Thomas Craig or any other person, and continued in possession until March, 1877, when he was induced by defendants to leave and go elsewhere, under the fraudulent representations that if he remained in the state he would be subjected to the trial of an indictment then pending against him. This was denied by defendants, who alleged that Charles Craig discontinued blockade running in 1864 and lived with his brother and sister about three years, during which time he set up no claim to the land, but stated to several persons that it belonged to defendants; and they positively denied that they induced him to quit the possession as alleged.

3. It was admitted that defendant, Thomas, executed a deed for the premises to his sons, the co-defendants, Charles,

Jr., and John Craig, on the 6th of February, 1873, but the allegation that there was collusion between them was denied by defendants.

4. Subsequently—on the 11th of December, 1877—the said Charles Craig executed a deed in fee to the plaintiff who now seeks in this action to compel the defendants to execute a deed to him.

The plaintiff's counsel submitted the following issue: Was any consideration paid by Thomas to Charles Craig for the land? and stated that he expected to prove by parol that there was no valuable consideration. The defendants' counsel objected, for that Charles Craig and those claiming under him were estopped to deny the consideration named in the deed ($2,100) and that parol evidence could not be admitted to vary the terms thereof, there being no allegation of fraud or mistake. The court held with defendants and plaintiff excepted.

Plaintiff's counsel insisted that there was a parol declaration of trust by the grantor in his own favor, and it was competent to show it by parol evidence—that grantee would reconvey upon return of grantor. Defendant replied that it was simply a parol promise of grantee to reconvey upon grantor's return to the state, which was a condition, and there being no allegation that the condition was omitted from the deed by reason of fraud or mistake, parol evidence was inadmissible to set up a trust in favor of the grantor. The court sustained the objection and refused to admit the evidence, and thereupon the plaintiff submitted to a nonsuit and appealed.

*Messrs. W. S. & D. J. Devane,* for plaintiff.
*Messrs. A. T. & J. London,* for defendants.

SMITH, C. J. Two rulings of the court are brought up for review on the nonsuit and appeal: —

1. The refusal of the court to allow an issue as to the consideration of the deed from Charles Craig to Thomas Craig, his brother, to be submitted to the jury on the ground that its recital of payment was an estoppel, and that no parol evidence was admissible to contradict it: The issue was wholly unnecessary and immaterial. The complaint alleges that there was no money paid and the deed was the voluntary act of the grantor, and this allegation is not denied in the answer. The fact is therefore admitted, and the effect of the admission is as available to the plaintiff as if found by the jury.

2. The refusal to submit an issue as to the existence of the alleged parol trust under which the grantee, Thomas, was bound to reconvey the estate to the grantor, Charles, on his return from abroad : The court held that no parol evidence was competent to set up and attach such agreement to the conveyance as a trust or otherwise.

The action is not instituted to correct or reform the deed itself on the ground it assumed an absolute form by reason of accident, fraud, mistake or undue advantage, and thus fails to give effect to the intent of the parties. No such allegations are contained in the complaint and hence the case does not fall within the principle established in *Streater* v. *Jones*, 1 Murp., 449, and the numerous subsequent concurring adjudications, to one only of which we will refer,— *Sowell* v. *Barrett*, Busb. Eq., 50. There, a bill was filed to redeem a tract of land conveyed by a deed with no reservation of such right:

PEARSON, J., says : "Since the case of *Streater* v. *Jones*, there has been a uniform current of decisions by which these two principles are established in reference to bills which seek to convert a deed absolute on its face into a mortgage,—

1. It must be alleged and of course proved that the clause of redemption was omitted by reason of ignorance, mistake, fraud or undue advantage.

2. The intention must be established not merely by proof of declarations, but by proof of facts and circumstances dehors the deed inconsistent with the idea of an absolute purchase. Otherwise title evidenced by solemn deeds would be at all times exposed to the slippery memory of the witnesses."

Nor will it avail the plaintiff to treat the alleged agreement as raising a trust which not being within our statute of frauds, may be enforced upon sufficient parol proof. The case made in the complaint on which relief is sought is the emission to insert in the deed a clause limiting the estate conveyed upon the grantee's undertaking to restore the property, and reconvey title when the grantor returned, and the equity arising out of his refusal to do so. This is not a trust within the scope of any of the numerous adjudications to which our attention was called in the elaborate argument of counsel. It involves the question of the admissibility of evidence outside of the deed to control its operation, and impose upon the grantee an obligation, on the contingency which has happened, to reconvey the land. Upon principle and authority we think this cannot be done. We will advert to a few cases as decisive of the point:—

In *Streater* v. *Jones, supra,* the bill sought to convert an absolute deed for land into a security for money borrowed, and alleged an agreement by parol to that effect which was not to be put in the deed, the court say: "The bill states a case of two men equally free and competent to contract having made an agreement as to the conveyance of a tract of land, part of which agreement they reduced to writing, and part thereof by mutual consent, still rested in parol, and this latter part in direct contradiction to the former. That part of the agreement which is in writing sets forth an absolute and unconditional sale of land; that part which by mutual consent was not reduced to writing sets forth that the sale was not absolute, but was conditional; and com-

plainant was entitled to have the land reconveyed to him upon his performing the condition;" and the court declare: "It would be a palpable violation of the rules of evidence to permit the complainant to set up a parol agreement contradictory of the written one."

So in *Dickinson* v. *Dickinson*, 2 Murp., 279, the complainant attempted to annex to an absolute deed conveying a slave, a parol trust for the benefit of the former owner under an agreement of the bargainee to reconvey to him or such person as he should direct:

TAYLOR, C. J., referred to the cases of *Smith* v. *Williams*, 1 Murp., 426, and *Streater* v. *Jones, Ibid.*, 449, and said: "This case is governed by them and consequently it is not *competent for the plaintiff to give parol evidence for either* of the purposes stated in the case."

But the more recent case, cited in defendants' brief— *Campbell* v. *Campbell*, 2 Jones Eq., 364—as the counsel properly remarked, is in its essential features that now before us. The plaintiff conveyed the land by an absolute deed to his son for the purpose of enabling him to pay the father's debts, upon an understanding and agreement that when they were paid, one-half of the land should be reconveyed to the plaintiff. The suit was brought to enforce the parol agreement which in the answer was denied. The bill was dismissed and the court say: "We cannot see any difference in principle between this case and the ordinary one of a bill for the specific performance of a parol contract for the purchase of land. The statute of frauds declares such a contract to be void because its policy was to prevent the title of land from depending on any other than evidence in writing. The plaintiff does not pretend in the present case that the deed was obtained from him by means of either fraud, accident, mistake, ignorance or undue advantage, but only that he yielded to the persuasions of the defendant. Having knowingly and intentionally transferred the whole

tract of land to his son, he is now endeavoring to get half of it back upon parol proof of an agreement of his son to reconvey it. This would expose the title of the defendant's land to the danger of perjured or mistaken testimony."

It is thus manifest that whether the plaintiff's claim is put on the ground of a parol trust growing out of the transaction, or of the positive undertaking of his brother to reconvey, it cannot be supported; and these cases are equally fatal to it.

But it was argued that as the statute was not specifically set up in the answer as a defence it is out of the way, on the authority of *Lyon* v. *Crissman*, 2 Dev. and Bat. Eq., 268. It is the rule in equity practice that an objection to the validity of an unwritten contract under the statute should be set up as a defence against its enforcement by plea or in the answer; and when this is not done, but a contract differing in terms is relied on, the court will proceed to ascertain what was the agreement between the parties and give relief under it. But an absolute denial of any contract whatever contained in the answer extends not only to its existence, but also to its legal validity when not put in writing, and objection may be taken to the competency of parol evidence when offered to prove it. This is so in an action at law, and the rule is equally applicable to proceedings in equity. The principle is well expressed by the chancellor who decided the case of the *Ontario Bank* v. *Root,* 3 Paige Ch. Rep., 478, following *Cozine* v. *Graham,* 2 *Ibid,* 181: " As the agreement was denied in the defendant's answer it was not necessary for him to insist on the statute as a bar. The complainant in such case must produce legal evidence of the agreement which cannot be established by parol proof merely." So if the answer admits the parol contract and sets up the statute as a defence, the defendant is entitled to its benefit. In harmony with the opinion of the chancellor

of New York are the cases of *Campbell* v. *Campbell, supra ; Dunn* v. *Moore,* 3 Ire. Eq., 364 *;* and *Sain* v. *Dulin,* 6 Jones Eq., 195.

No error. Affirmed.