DANIEL S. MORRISON v. MARCUS A. BAKER.

*Practice—Discretionary Power—Evidence—Statute of Frauds—*
*Promise to pay debt of another—Exceptions to Referee's*
*Report.*

1. An exception grounded upon the increased costs incurred by a delay
   in ordering several actions to be consolidated, will not be sustained.
   *It seems* that the consolidation of causes is an exercise of discretionary
   power from which no appeal lies.

2. A contract which the law requires to be in writing can be proved only
   by the writing itself, not as the *best,* but as the *only* admissible evidence
   of its existence ; and *hence,* a defendant, sought to be charged upon a
   parol engagement to answer the debt of another, need not plead the
   statute of frauds, but may object on the trial to any evidence of the
   alleged contract which is not in writing.

3. Where goods are furnished to A upon the unconditional promise of
   B to pay for them, this is not an undertaking to pay the debt of another,
   but the personal debt of B.

4. An exception that a referee "does not report many specific exceptions
   to particular items in an account" taken during the inquiry before him,
   is too indefinite to be passed upon on appeal.

5. Where, by the terms of a reference, the referee's findings of fact are
   to be conclusive, it is not necessary to send up all the evidence taken,
   but only so much as relates to findings excepted to as wanting the sup-

port of any evidence, or as resulting from the reception of improper evidence, against objection in apt time, or the rejection of proper evidence. In such cases, the exception should set forth the evidence received or rejected or the facts found without evidence.

(*Glenn* v *Bank*, 70 N. C., 191; *Brumble* v. *Brown*, 71 N. C., 513; *Green* v. *Castleberry*, 77 N. C., 164, cited and approved.)

CIVIL ACTION commenced in Robeson and removed to and heard upon exceptions to a referee's report at Fall Term, 1878, of RICHMOND Superior Court, before *Buxton, J.*

The plaintiff brought three actions in a justice's court against the defendant, and alleged in his complaint that on or about the 12th day of March, 1875, and from time to time thereafter until the 10th of April, 1875, the firm of Patterson & Co. sold and delivered goods and merchandise to defendant in certain amounts, due by account, and that defendant agreed to pay cash for the same; that plaintiff became the sole owner of the accounts of said firm, prior to the commencement of this action, and demanded judgment, &c.

The defendant denied the alleged indebtedness, and said that at the time of the sale of the goods, the firm of Patterson & Co. was composed of John Patterson and the plaintiff, and that John Patterson was and still is indebted to the defendant in a certain sum, and asked that he be made a party to this action. Upon the trial before the justice of the peace, Patterson was made a party; and from the judgment rendered against the defendant, he appealed to the superior court, where by consent of parties the case was referred to Alfred Rowland.

1. Upon the hearing before the referee, the defendant moved to consolidate the three cases, which motion was refused, and the defendant excepted. His Honor ordered " that the three cases be now consolidated, and that one bill of costs in the superior court in the further conduct of the

cause shall only be taxed by the clerk," and to this ruling the defendant excepted.

2. The referee found as a fact that it was agreed between plaintiff and defendant, that Patterson & Co., (of which firm the plaintiff was a member and is now assignee of the claim in suit,) should furnish to one McKinnon the necessary supplies to enable him (McKinnon) to carry out his contract for the grading of a part of the Fayetteville and Florence railroad, as sub-contractor of defendant, and that the defendant agreed to pay for the same; and in accordance with this agreement the said firm did furnish the supplies to McKinnon, amounting to the sums claimed in the three actions as aforesaid. The defendant excepted before the referee to any items in the several accounts, except bacon, flour, molasses and implements, and to such as were furnished under any general authority, written or verbal, from McKinnon to any of his servants or employees. This exception was overruled by the referee, and also by His Honor.

3. The defendant excepted to the report, in that "the referee overruled the specific exceptions of defendant to many items of the account, and has not set forth the specific exceptions in his report." His Honor overruled this exception.

4. The defendant further excepted to the report, in that, the referee has failed to set out the evidence in writing, which was taken before him; and thereby the defendant is precluded from making exceptions to certain portions of the evidence admitted by the referee, and excepted to by the defendant before him. This was also overruled, and the court gave judgment for the plaintiff for the amounts found due by the referee. From which judgment the defendant appealed.

*Messrs. McNeill & McNeill,* for plaintiff.

*Messrs. McRae & Broadfoot*, for defendant:

Cited and commented on *Glenn* v. *Farmer's Bank*, 70 N. C., 191; *Buie* v. *Kelly*, 7 Jones, 266; *Cain* v. *Nicholson*, 77 N. C., 411; *Green* v. *Castleberry*, 70 N. C., 20. There is in this case a mixed question of law and fact, which makes it necessary for the referee to set out the testimony in his report; and this question arises under the plea of the statute of frauds, whether it was not a promise by defendant to answer for the debt of another, (McKinnon) and if so, whether it was in writing.

SMITH, C. J. The plaintiff brought three actions against the defendant before a justice of the peace to recover the separated parts of a running and continuous account of merchandise sold and delivered, and from the judgment rendered thereon on the 3rd day of October, 1875, appealed to the superior court of Robeson county. A complaint, accompanied by the account as an exhibit, and answer both in writing and in due form, were put in before the justice, and constitute part of the transcript sent up in the appeal.

The case made up for this court states, though the record does not disclose the fact, that at the first term to which the appeal was taken, the defendant moved for a consolidation of the three cases into one, and that motion was not passed on at the term. Subsequently, on defendant's application, the causes were removed to Richmond county, and at fall term, 1877, the following order was made: "By consent of parties these cases are referred to Alfred Rowland, whose decision on the facts is to be final, and upon law, to be subject to review. The referee is to pass upon the motion to consolidate now pending."

Upon the hearing before the referee, he declined to order the consolidation and made his report to the court, to which several exceptions were taken by defendant and are now to be considered.

1. The defendant excepted to the refusal of the referee to consolidate the causes, which was sustained by the court, and the order then made. The defendant now complains that the court did not sooner act on this motion, and of the increased costs incurred by the delay. If the consolidation of causes is not an exercise of discretionary power from which an appeal does not lie—as was strongly intimated in the opinion of the court in *Glenn* v. *The Farmers' Bank,* 70 N. C., 191—the order was in fact made, and most certainly the postponement of action and the sufficiency of the reasons therefor are not subject to our review and correction. The exception cannot be sustained.

2. The referee finds that the defendant contracted with the plaintiff, acting on behalf of the firm of Patterson & Co., of which he was a member, to pay for such supplies as the latter might furnish to one McKinnon to enable him to carry out his contract, as a sub-contractor, with the defendant, to grade a part of a railroad, and that the articles set out in the accounts sued on were so furnished to McKinnon. The defendant contends that he ought not to be charged with goods supplied by McKinnon's direction, to his servants and employees, nor with any furnished to himself except bacon, flour, molasses and implements; and having asked and obtained permission to set up a further defence under the statute of frauds, he insists that the alleged promise, if made, not being in writing, is void.

The referee decided against the defendant, and his ruling was, on exception, sustained by the court. It was not necessary specially to insist in the pleadings, and then rely on the defence afforded by the statute, since its benefits would be equally secured by an objection to parol evidence of a contract required by law to be in writing. A promise to answer "the debt, default or miscarriage of another" must be in writing, to be valid and binding, and parol evidence is incompetent to prove it. A contract which the law re-

quires to be in writing can be proved only by the writing itself, not as the *best*, but as the *only admissible evidence of its existence*. But the facts found by the referee show that the statute of frauds has no application. The contract between Patterson & Co. (to whose claim the plaintiff succeeds as sole assignee of the firm) and defendant was the *sole contract* in the case, and is not collateral to any entered into by McKinnon. The goods were supplied to him under an absolute and unconditional promise of defendant, not to see them paid, or to guarantee the payment by McKinnon, but to pay for them himself. In such case the contract is not within the statute.

Looking over the list of articles contained in the account we see none that may not fairly come within the terms of the defendant's contract to pay for all necessary supplies to enable McKinnon to carry on and finish his own contract for grading, of which, necessarily, the latter must be left in a large degree to determine, rather than the sellers; and unless palpably outside the terms, were properly furnished on the faith of defendant's promise to pay. We therefore concur in the ruling of the referee and of the court.

3. The defendant excepts that the referee does not report many specific exceptions to particular items in the account, taken during the enquiry before him. This exception is too indefinite to enable us to determine whether the referee acted correctly or not. The *items* are all set out in the account, and if, of themselves, liable to objection, such objection should have been distinctly made, and the obnoxious charges pointed out.

4. The defendant objects again that the report is not accompanied with the evidence taken by the referee, whereby he is precluded from having his exceptions to the evidence then made, now passed on by the court. The referee's findings of fact being final, the only reviewable exception to his action in regard to them, must be either to evidence received after objection, or offered and refused, or the want of

6

evidence of a fact found.   In either case, to bring the matter before the court, the exception should specify the evidence alleged to have been improperly admitted or wrongfully excluded, or the fact found without evidence.   An exception failing to do this is too vague to be considered and acted on.   There was no necessity for reporting the evidence in full, because its sufficiency, if competent to prove the fact, is committed exclusively to the judgment of the referee, and can no more be revised than the finding of a jury.   " An exception," says RODMAN, J.," " will not be considered which does not specifically and distinctly point out the error alleged, and show wherein the error is conceived to consist, without the necessity of referring to the pleadings or proceedings, except for the verification of what is stated in the exception."   *Brumble* v. *Brown,* 71 N. C., 513.

And again : " The error must be specially assigned or the exception will not be considered, and the evidence bearing on the question, and showing the error of the judge, must be singled out and referred to, either in the exception itself or in a brief of counsel filed in the case."   *Green* v. *Castleberry,* 77 N. C., 164.

This was not done in taking the exception before the judge in the court below, nor in this court does it distinctly appear what was the objection to the evidence, and consequently we are unable to pass on it.

Upon the well settled rules of this court in cases of appeal, the error committed must be pointed out and shown, or the judgment will not be disturbed.

No error.                                        Affirmed.