MARTIN HOLLER v. WILLIAM RICHARDS.

*Statute of Frauds as Regards Lands.*

1. Where plaintiff declares upon an oral contract respecting lands, void under the statute of frauds, and defendant either denies the contract, or sets up affirmatively another and a different contract, or admits the alleged contract and pleads specially the statute of frauds, in each of these cases testimony offered to prove the alleged contract is incompetent, and should be excluded.

2. *Michael* v. *Foil*, 100 N. C., 178, distinguished from this case.

CIVIL ACTION, tried at Fall Term, 1888, of the Superior Court of CALDWELL County, before *Clark, J.*

The plaintiff alleges in his complaint, that he bought the tract of land in controversy in this action at a judicial sale by a commissioner (or by assignment took the place of bidder), and had paid a portion of the purchase money (to-wit, a little more than one-half), when he agreed to sell the defendant the timber on said land, suitable for being sawed into timber, and that defendant persuaded him to convey, by deed absolute, one undivided half of said land to him, defendant, by representing that it was necessary to do so in order to protect him, defendant, in using the timber, and by solemnly promising, that so soon as he should cut and use the timber, he would reconvey to the plaintiff said undivided half interest. Plaintiff prayed to have, &c., defendant declared a trustee for him as to one-half the land.

The defendant in his answer denies the alleged verbal agreement, and avers that the plaintiff, after the purchase at the sale, found that he was unable to pay the purchase money, and proposed to the defendant to advance the last payment in order to prevent the Court from ordering a resale, on motion of the petitioners in the special proceeding,

102—35

and proposed that the defendant should, in consideration of said payment, take a deed for one undivided half interest, and the defendant did pay the second note, executed by said Holler for the purchase money, and by direction of said Holler the deed was made to defendant and Holler, as tenants in common.

The case stated by the Judge is as follows:

The plaintiff testified that he purchased the land at a commissioner's sale and sold the timber on the land to defendant. On the defendant's alleging that another party claimed a pretended interest in the land, and that he made a deed to the land to protect the possession, it was agreed between them that a deed absolute on its face should be made jointly to the plaintiff and the defendant, but that the defendant should hold it only for the purpose aforesaid, of protecting his timber right, and should reconvey the undivided half interest in the land to the plaintiff as soon as and whenever the marketable timber was cut off.

Upon the inducement of such representation, and relying thereon, the deed was made to plaintiff and defendant jointly by the commissioner under the direction of the plaintiff.

The defendant objected to the above evidence, on the ground that it contradicted the deed and was an agreement concerning land not reduced to writing. Objection overruled. Exception by defendant. There was other evidence, but this was the only exception. Verdict and judgment for plaintiff. Appeal by defendant.

The other facts are stated in the opinion.

No counsel for the plaintiff.
*Mr. B. C. Beckwith*, for the defendant.

AVERY, J. (after stating the case). The issue and finding thereon were as follows:

"Did defendant take deed for a half interest in the land, upon an agreement that he was to have all the timber on said land, and when it was cut off he would reconvey to plaintiff?" Answer, "Yes."

The judgment of the Court was, in substance, that William Richards holds title to one undivided half of the factory land (one hundred and three acres, described in the complaint), as trustee for Martin Holler, the plaintiff, and that said Richards forthwith execute and deliver to said Holler his deed conveying all the interest of said Richards, being one undivided half in said land, to said Holler in fee simple, and that said plaintiff do recover costs.

The plaintiff does not allege, in his complaint, that he ever made any payments except ten dollars due on the first half of the purchase money, and subsequently the whole of the first payment, and lastly, ten dollars on the last half, the deferred payment.

The defendant alleges positively that he paid the amount of purchase money still due, when he bought from plaintiff the second note for purchase money given by the plaintiff.

The plaintiff replies: "As to paragraph one of the new matter, that it is true; that the administrators of Mr. Bean were pressing him on the second note. But he denies he approached defendant and agreed to assign one-half interest in the land on his paying said note, and that by reason of said payment the deed was made to said defendant and plaintiff as tenants in common. He avers the truth to be as stated in the complaint."

Counsel for defendant confined the discussion to the question, whether the testimony of the plaintiff, if admitted to be true, would be sufficient to establish his equity in the undivided half of the land in controversy, conveyed by the commissioner to the defendant.

The objection is, however, to the competency, not the sufficiency, of the plaintiff's evidence in itself. We must, there-

fore, determine at the threshold, before reaching the point presented by counsel, whether the nature of the action is such that the testimony was admissible to be considered with other evidence tending to prove the plaintiff's right to the relief demanded, even though, without the aid of extrinsic facts, his testimony, as a whole, does not constitute proof of a cause of action.

One who asks a court for relief must allege and prove such facts as will establish, if true, his right to the remedy specified. *Willis* v. *Branch*, 94 N. C., 143.

The plaintiff does not pretend that the deed was executed by mistake, but admits that it was drawn with his assent, if not by his request, so as to convey to the defendant a half interest in the land. The pleadings do not justify the conclusion, that the plaintiff paid the whole of the purchase money, and therefore claimed, in the Court below, that his testimony was competent to be considered in connection with other testimony tending to establish a resulting trust in his favor as to the interest conveyed to the defendant. Had the complaint contained an allegation of mistake, or set up such a claim of resulting trust, it may be that his Honor's rulings would have been correct. If so, the question whether there was evidence *dehors* the deed, and in addition to the evidence of the plaintiff, such as required the Court to submit an issue to the jury, might have been raised at the close of the evidence, and then the principle stated in *Hemphill* v. *Hemphill*, 99 N. C., 436, and the other cases cited by counsel, would have applied.

But the complaint does not show who paid the second installment of the purchase money, while the answer sets up, as new matter, that it was paid by the defendant Richards, and the replication contains no denial of the payment alleged in the answer. We must assume, therefore, that the defendant paid a large proportion (probably about half) of the purchase money that the plaintiff had agreed to pay,

and that the deed was, thereupon, made to him, with the assent of the plaintiff.

The right to recover, therefore, rests upon the naked allegation, by the plaintiff, that the defendant made a verbal promise to reconvey when the timber should be cut off the land, and that allegation is denied in the answer. In view of the state of the pleadings, then, the testimony of the plaintiff did not tend to show his right to any relief, and the objection ought to have been sustained by the Court. It may be added, that upon the finding on the issue simply, that the defendant had promised verbally, when the deed was delivered to him, to reconvey to the plaintiff, when he had cut all of the timber off the land, leaves the plaintiff's right to relief to depend still entirely upon a verbal promise, when there is no principle, in view of the denial of the defendant, to take the case out of the operation of the statute of frauds. Where the plaintiff declares upon a verbal promise, void under the statute of frauds, and the defendant either denies that he made the promise, or sets up another and different contract, or admits the promise and pleads specially the statute, testimony offered to prove the promise is incompetent, and should be excluded on objection. *Gulley* v. *Macy*, 84 N. C., 434; *Morrison* v. *Baker*, 81 N. C., 76; *Young* v. *Young, ibid.*, 91; *Benham* v. *Craig*, 80 N. C., 224.

The case of *Michael* v. *Foil*, 100 N. C., 178, to which our attention has been called, is not at all analogous to this. There, the plaintiff brought his action, not to compel a reconveyance, or affect the deed in any way, but upon a verbal promise to pay money that might be realized by a future sale of the mineral interest in land conveyed.

The Court below erred in admitting the testimony, and the defendant is entitled to a new trial.

Error.                              *Venire de novo.*