W. A. BROWNING v. JOHN BERRY et al.

*Action for Damages—Contract—Stipulations for Repairs—Allegations—Proofs—Variance—Statute of Frauds—Lease for More than Three Years—Parol and Written Leases—Evidence—Complaint and Answer.*

1. The plaintiff, in an action for damages for not making repairs according to contract, *alleged* that he leased a mill for one year, with privilege of five. On trial, he *proved* that he leased for five years, without other qualification as to time: *Held,* he was not entitled to recover.

2. When the defendant declares upon a verbal contract, void under the statute of frauds, and the defendant either denies the contract or sets up another, or admits oral agreement and pleads specially the statute, testimony offered to prove the parol contract is incompetent and should be excluded on objection.

3. An absolute denial in the answer to the allegation in the complaint, which embodies the agreement sued on, draws in question and puts in issue not only its validity, but its legal existence.

4. The contention of plaintiff's counsel, that the parol contract, proved without objection, is binding, cannot be sustained. There is a variation between the allegation and the proof.

5. The plaintiff is not entitled to the consideration of the view that he is a tenant, holding over after the first year, and, therefore, entitled to the benefit of mutual stipulations for repairs, because, among other reasons, he made no such allegation in his complaint.

6. An amendment allowed, that plaintiff entered under a void verbal lease could not avail if the defendants allowed their denial of the old contract to stand, or if they chose not to deny it, and plead the statute.

This was a CIVIL ACTION, tried at the Special March Term of the Superior Court of ORANGE County, before *Armfield, J.*

The plaintiff alleged in his complaint that the defendants, as tenants in common, were the owners of a certain grist and saw-mill on Eno river, which they leased to him for the term of one year, with the privilege of keeping it for five years, if he should be disposed to do so. The defendants, in their answer, denied that they had entered into such a contract with plaintiff.

The plaintiff further alleged that the defendants, on their part, stipulated to make such repairs from time to time as might be needed, but that the water-house washed away, and the machinery was in bad condition, and in consequence of the failure and refusal of defendants to make needful repairs, as they had contracted to do, he had suffered great damage.

Plaintiff was introduced as a witness in his own behalf, and testified: That the defendants were the owners, as tenants in common, of a certain mill property on Eno river, in said county, consisting of grist mills (flour and corn), saw-mill and wool-carding machinery; that in September, 1885, he saw the defendants together, and rented or leased said property from them, as rental, a proportion of the tolls from the mills and carding machine, and they were to have certain repairs made, which he detailed at length; that his term of lease was to begin on the first day of January, 1886; that one Jackson had the property rented up to the first day

of January, 1886, and was in possession; that Jackson did not occupy the dwelling upon the premises, known as the miller's house, which he, Jackson, had rented, and that he, by the permission of Jackson and the defendant John Berry, moved into it in November, 1885, and on the 1st of January, 1886, Jackson gave him full possession of the entire property; that the mills and carding machine were much out of repair; that defendants saw him there several times, and that he paid them rents monthly, and that he repeatedly requested that they make the repairs they had agreed to make, but they failed to do so; that he remained in possession of the property during the year 1886, and at the end of the year he was dispossessed by legal process before a Justice of the Peace; that he talked with defendant John Berry in February, 1886, and again soon after, about the repairs, and he said he could make none, as he owned only a small interest. He also called defendant Maria Berry's attention to the needed repairs twice, and she promised to have them made, but in April, 1886, she said she would not have repairs made, as the property would soon change hands; and it was sold for partition in August afterwards, and defendants Maria Berry and Lizzie Berry bought it; that by reason of the failure of defendants to make the repairs they had agreed to make, he lost custom and work that he otherwise would have done at said mills and carding machine, and thereby suffered loss to the amount of three hundred dollars. He testified in detail as to loss of custom because the repairs had not been made. He further testified that the contract of lease or rental was not reduced to writing.

On cross-examination by defendants' counsel, he testified that the contract of lease or rental of said property was not in writing; that he leased the property for five years; that he told defendants that he would not move to and take possession of the property for a less term than three or five years, and that thereupon the contract was made for five years, and

that he was to call again, when the contract was to be put in writing, and signed by him and the defendants; that he did call twice for that purpose, but defendants were away from home each time, and that he never saw defendants Maria Berry and Lizzie Berry again till after he had moved to the mills, and that the contract of lease or rental was never reduced to writing.

The plaintiff's counsel insisted that the plaintiff did not understand the questions asked, and they were repeated, and the plaintiff deliberately and repeatedly answered that the lease or rental was for five years, without qualification or condition, and in response to a question from his own counsel he said the same.

The Court then asked him if there was anything said in the contract about his renting the property for one year, with the privilege of a longer term if he should desire, and he said there was not, that he leased it for five years; that he told defendants that he would not lease for a less term than three or five years, and that the contract was for five years, to begin the first day of January, 1886, and that it was not in writing. Thereupon, the Court informed plaintiff's counsel that the instructions to the jury would be that plaintiff could not recover. In consequence, the plaintiff submitted to a nonsuit and appealed to the Supreme Court, and assigns for error the opinion of the Court in holding that plaintiff was not entitled to recover, insisting that, although the contract of lease might be void under the statute of frauds, yet he was entitled to recover for failure of defendants to make the repairs they had agreed to make.

*Mr. R. W. Winston*, for plaintiff.
*Mr. June Parker*, for defendants.

Avery, J.—after stating the facts: Where the plaintiff declares, upon a verbal contract, void under the statute of

frauds, and the defendant either denies that he made the contract, or sets up another and a different agreement, or admits the oral agreement and pleads specially the statute, testimony offered to prove the parol contract is incompetent, and should be excluded, on objection. *Holler* v. *Richards*, 102 N. C., 545; *Morrison* v. *Baker*, 81 N. C., 76; *Bonham* v. *Craig*, 80 N. C., 224.

In the case last cited, Chief Justice SMITH lays down the rule, substantially, that an absolute denial in an answer to the allegation in the complaint that embodies the agreement sued on, draws in question and puts at issue not only its validity, but its legal existence.

The plaintiff's counsel contends, however, that the testimony offered to establish the contract was admitted without exception, and the failure to object to its introduction places the defendant in the same position that he would have occupied had he admitted the making, as well as the binding force of the parol agreement sued on. Counsel insisted, also, that though the lease for five years was void, under the statute, the contract would be enforced as a lease for one year, becoming a tenancy from year to year, in case of holding over, after January, 1887, and the defendants could be compelled to perform the mutual stipulations for repairs on their part. If we admit, for the sake of argument only, that this position is tenable, we encounter immediately the insuperable barrier to the plaintiff's recovery on the supposed *prima facie* case on which he rested, that there is a variance between the allegation and the proof. The plaintiff testified, reiterating the statement more than once, that the parol agreement, on the part of the defendants was, in terms, an unqualified lease of the premises for five years, and not for one year, with the privilege of five, as alleged in the complaint. So, if the contract alleged is not that proven, it was his Honor's duty to tell the jury that the plaintiff could not prove a cause of action essentially different from

that declared upon and ask a verdict upon such evidence, even conceding the correctness of the plaintiff's legal proposition.

If the plaintiff had amended the complaint here by leave of the Court, he must have made it conform to the evidence, by alleging that he entered under a void verbal lease for five years. If the defendants allow this denial of the old contract to stand as their defence to the new cause of action, it cannot be maintained, or, if they do not choose to deny the parol agreement and enter the plea of the statute, it would put an end to the action. It is unnecessary to pass upon the other question discussed by counsel. There is no error. The judgment must be affirmed.

Affirmed.