J. B. WINDERS et al. v. E. J. HILL et al.

(Filed 22 May, 1907).

1. **Pleadings—Statute of Frauds.**—When the plaintiff sues upon contract and the defendants deny the existence of any contract, the defendants can avail themselves of the plea of the statute of frauds, when pertinent, without specially pleading it.

2. **Same—Written Contracts—Evidence.**—If the statute of frauds requires that the contract sued on be in writing, it must be established in evidence by the contract itself.

3. **Same—Admissions.**—As to whether an admission in writing of a contract sued on required by the statute to be in writing, con-

taining all the requisites of the statute for a valid contract or memorandum thereof, would be competent evidence, discussed: *Quære?*

CIVIL ACTION, tried before *Jones, J.,* and a jury, at November Term, 1906, of the Superior Court of DUPLIN County.

*Rountree & Carr* and *George E. Butler* for plaintiffs.

*Stevens, Beasley & Weeks* and *Fuller & Fuller* for defendants.

WALKER, J.   This case was before us at a former term and was heard and decided upon a demurrer to the complaint. It is reported in 141 N. C., at page 694. We then held that, upon the facts as stated in the original complaint and admitted by the demurrer, there was some evidence of ratification by the defendant E. J. Hill, the principal of L. F. Hall, if the latter had exceeded his authority in selling the land on credit instead of for cash. The Court further held that another party was interested with the plaintiff Winders in the prosecution of the action, as appeared by the complaint, and directed that he should be brought in by process and made a co-plaintiff. This was done, and the original complaint was superseded by an amended complaint for the purpose of declaring also in behalf of the new plaintiff, W. I. Hill, and of making material allegations of fact not found in the first pleading. The defendant answered, denying the contract which the plaintiff alleged had been made by L. F. Hall, as agent for the defendant E. J. Hill, and also averring that, if any such contract had been made, his agent, Hall, had exceeded his authority in executing it, and also denying the allegation of the complaint that, if there had been any such excess of authority, the defendant E. J. Hill waived or ratified the unauthorized act of his agent, Hall, by his own conduct; and, if not in that way, then by and through the acts and conduct of his lawfully authorized agent, I. F. Hill.

There were many other averments of fact in the pleading upon which issue was taken, but it is not deemed necessary to set them out, as our decision of the case, as at present constituted, must rest upon a single point to which they are not considered relevant. Omitting, for the present, all reference to the matter of ratification, we will confine ourselves to a statement of such facts as have any bearing upon the decisive question in the case, but we may premise that the evidence adduced at the last trial does not correspond with the allegations as made in the original complaint. There are striking and essential differences between them. Both parties introduced evidence upon the issues joined between them, viz.: First, as to the execution of the contract of sale by the agent, Hall; second, as to whether he had exceeded his authority in making the same, and third, as to whether, if he had done so, his unauthorized act had been ratified. At the close of the testimony the defendant moved to dismiss the action under the provision of the statute. Revisal, sec. 539. It seems that after this motion was made the defendants' counsel suggested, as one ground of the motion, that the plaintiffs had not put in evidence any written contract between L. F. Hall, agent of E. J. Hill, and the plaintiffs Winders and his associates, nor any memorandum thereof signed by the defendant E. J. Hill or his said agent. The plaintiffs' counsel thereupon asked permission of the Court to introduce the memorandum of a contract between Hall, as agent, of the first part, and Winders and others, of the second part, which is in the form of a receipt and dated 29 July, 1905, and is fully set out in the statement of the case on the former appeal. This the Court refused to grant, and the case was heard without the receipt. The Court sustained the motion to dismiss, and the plaintiffs excepted and appealed.

The defendants having taken issue with the plaintiffs as to the existence of any contract between Hall, Hill's agent,

and Winders, by denying the allegation to that effect in the complaint, they could avail themselves of the statute of frauds without specially pleading it, for it has been settled by numerous adjudications that if the contract is denied, or a contract different from that alleged is set up, or if the contract is admitted and the statute of frauds is specially relied on by plea, or now by answer, parol evidence of the contract is incompetent. As the contract cannot be proved, it cannot be enforced. *Holler v. Richards,* 102 N. C., 545; *Jordan v. Furnace Co.,* 126 N. C., 143; *Hall v. Lewis,* 118 N. C., 509; *Browning v. Berry,* 107 N. C., 231; *Morrison v. Baker,* 81 N. C., 76; *Bonham v. Craig,* 80 N. C., 224; *Thigpen v. Staton,* 104 N. C., 40. Where the plaintiff sues upon a contract, the performance of which he seeks to enforce specifically in equity, or for the breach of which he seeks to recover damages at law, he must establish the contract by legal evidence, and if it is required by the statute to be in writing, then by the writing itself, for that is the only admissible proof. *Fortescue v. Crawford,* 105 N. C., 29; *Gulley v. Macy,* 84 N. C., 434; *Wade v. New Bern,* 77 N. C., 460; *Jordan v. Furnace Co., supra.*

The Court was right in sustaining the motion to nonsuit, because no evidence of the contract had been introduced, unless there was proof of it or something in the case which dispensed with such proof. 26 Cyc., 316 and 320; *Bambrick v. Bambrick,* 157 Mo., 423. The plaintiff contends that the contract was admitted in certain correspondence between Hall and the defendant E. J. Hill, between the latter and his agent, I. F. Hill, and in a conversation between I. F. Hill and J. B. Winders; but we have discovered no such admission, even assuming, though not deciding, that in law it would have been sufficient to take the place of the writing itself. The following authorities hold that an admission in a letter, telegram or other writing by the person to be charged,

to his agent or to a third person, is a sufficient memorandum if it otherwise complies with the statute, and those who desire to pursue the subject may, perhaps, profitably consider them: 20 Cyc., 255, and note 73; *Welford v. Beasley,* 3 Atk., 503; *Coles v. Treothick,* 9 Ves., 235; *Allen v. Bennett,* 3 Taunton, 169; *Gibson v. Holland,* L. R. 1, C. P. 1; *Cook v. Burr,* 44 N. Y., 156; *Peabody v. Sayers,* 56 N. Y., 230; *Moore v. Montcastle,* 61 Mo., 424; *Warfield v. Wisconsin Cranberry Co.,* 63 Iowa, 312; *Miller v. Railroad,* 58 Kans., 189; *Moss v. Atkinson,* 44 Cal., 3. There are authorities to the contrary. The written admission, though, however made, must contain internal evidence of the contract or refer to some writing that does. *Rector Provision Co. v. Sauer,* 69 Miss., 235; *Ballengill v. Bradley,* 16 Ill., 373; *Johnston v. Churchills,* Litt. Selected Cases (Ky.), 177; 20 Cyc., 320.

The postscript to the letter of Hall, addressed to E. J. Hill, stating that he had given the purchasers a receipt and that he desired a receipt from E. J. Hill to show that he had paid to him the money thus received from them, is not such an admission (*Fortescue v. Crawford,* 105 N. C., 32), and the other parts of the correspondence are of no greater import. They do not tend to prove that E. J. Hill, by himself or his agent, ever admitted the existence of a writing or memorandum signed by Hall and showing a contract of sale between him and Winders, and this must be the scope of the admission, as the mere admission of a contract, if there is such, does not go to the extent of proving a compliance with the statute, or of showing the substance of the contract which it is alleged was reduced to writing and properly signed. It is not merely a contract that must be admitted, but the written contract, there being no sufficient admission of the same to be found in the pleadings, so as to render proof of the contract unnecessary. Any admission of the contract outside of the pleadings should, of course, be in writing and so made

WINDERS *v.* HILL.

as to comply with the statute of frauds, or it should at least sufficiently refer to some writing in which the terms are set out and which itself contains all the requisites of a valid contract or memorandum under the statute. It is not pretended that there was any written admission of the contract by E. J. Hill to Winders, and the language of I. F. Hill, his agent, to the latter in their conversation is certainly not susceptible of any interpretation which goes to show the contents of any written contract of sale made by Hall. Besides, it appears that what E. J. Hill wrote to I. F. Hill was based entirely upon statements of Hall to him, the truth of which he could not then deny, as he did not know the real facts, and he should not, therefore, be concluded by them; and, too, his letter of 7 August, 1905, had evidently not been received by I. F. Hill when the latter had the conversation with Winders at Warsaw. The telegram which I. F. Hill received from E. J. Hill on 29 July, 1905, merely stated that the latter had sold the lands. None of this evidence comes up to the requirement of the law that there must be proof showing a memorandum in writing, signed by the party to be charged, or by his duly authorized agent. There is no reference to the memorandum or the terms of the agreement as expressed therein. *Shoe Co. v. Brooks,* 64 Pac. Rep., 342; *Givens v. Calder,* 2 Am. Dec., 690. It may be that, as contended by counsel, the plaintiffs should have been permitted to introduce the memorandum in evidence, but we cannot review the ruling of the Judge in refusing their application, no such case having been made by the proof as calls for our interposition in behalf of the plaintiffs for the purpose of correcting a gross abuse of discretion.

Our conclusion upon the single question we have discussed eliminates all other matters so ably debated by counsel. We find no error in the decision and judgment of the Court.

No Error.