JESSE MILLER AND WIFE v. CAROLINA MONAZITE COMPANY AND W. F. SMITH.

(Filed 17 May, 1910.)

1. Deeds and Conveyances—Execution Denied—Burden of Proof—Statute of Frauds—Plea Sufficient.

Whether the written contract to sell mineral interests in land is an option of purchase or a contract to sell, the party seeking its enforcement must introduce sufficient evidence tending to show its execution by the vendor; and when the vendee, the defendant in the action, by answer denies the execution of the paper-writing, it is sufficient to protect him under the statute of frauds without specially pleading the statute.

**2. Same—Findings of Court—Evidence—Nonsuit.**

When there appears in the record on appeal no sufficient evidence of the execution of the paper-writing which the plaintiff seeks in his action to enforce for the conveyance of mineral interest in lands, and the court below has held there was no such evidence, and it appears that the statute of frauds has been sufficiently pleaded in the answer, the judgment of the lower court sustaining defendant's motion to nonsuit upon the evidence will not be disturbed on appeal.

**3. Deeds and Conveyances—Vendor and Vendee—Statute of Frauds —Party to Be Charged.**

A suit against the vendee to recover the purchase money agreed to be paid for land, or any interest therein, is one against the party to be charged within the meaning of the statute of frauds, and the defendant can plead the statute in order to defeat a recovery.

APPEAL from *Justice, J.,* at December Term, 1909, of BURKE. The facts are sufficiently stated in the opinion of the Court.

*S. J. Ervin* and *J. M. Mull* for plaintiff.
*Avery & Ervin* for defendants.

WALKER, J.   This action was brought by the plaintiff to recover of the defendant the purchase money for certain mineral interests in the land which is described in the pleadings, and which the plaintiff alleges he contracted to sell to the defendant. It was contended by the latter that what the plaintiff alleges was the contract to sell the mineral interests was merely an option or a unilateral contract, which was never signed nor executed by the defendant, and that the time limited in the option for the payment of the purchase money had expired. Whether it was an option or a contract to sell is not material to the decision of the question which was argued before us, and which is presented by the record, as it appears in the statement of the case on appeal that no proof of the execution of the contract by the defendant was shown, nor attempted to be shown. As the defendant denied the execution of the contract, it was incumbent upon the plaintiff to introduce evidence to the effect that the contract had been signed by the defendant, as a denial of the execution of the contract in the answer was sufficient to protect the defendant from liability under the statute of frauds, and it was not necessary to plead the statute specially. *Morrison v. Baker,* 81 N. C., 76; *Browning v. Berry,* 107 N. C., 231; *Haun v. Burrell,* 119 N. C., 544; *Winders v. Hill,* 144 N. C., 614.

At the close of plaintiff's evidence the court, on motion of the defendant, ordered a judgment of nonsuit to be entered un-

152—39

der the statute, upon the ground that the execution of the contract by the defendant had not been shown. In the case of *Winders v. Hill, supra,* we held that as the defendant had taken issue with the plaintiff, concerning the execution of the contract, by denying the allegation to that effect in the complaint, he could avail himself of the statute of frauds without specially pleading it, as it had been settled by numerous adjudications of this Court, which are cited in the opinion, that if a contract is denied, or a contract different from that alleged is set up, or if the contract is admitted and the statute of frauds is specially relied on by plea, or now by answer, parol evidence of the contract is incompetent, and, as the contract cannot be proved, it cannot be enforced.

The court states as a fact, in the record, that there was no evidence of the execution of the contract by the defendant, and we must accept this as true. An examination of the testimony which is set out in the case will show that there was, in effect, no sufficient evidence that the defendant had executed the instrument which had been lost, even if it contained a contract between the parties, and was not a mere option to buy the mineral interests in the land.

It has been settled by this Court that in a suit against the vendee to recover the purchase money agreed to be paid for land, or any interest therein, he is the party to be charged within the meaning of the statute of frauds and can plead the same in order to defeat the plaintiff's recovery, the party to be charged within the meaning of the statute being the person against whom it is sought to enforce the obligation of the contract. *Hall v. Misenheimer,* 137 N. C., 183. There was no error in the ruling of the Court, and we affirm the judgment.

Affirmed.