ANNIE JAMERSON v. EZRA LOGAN, ADMR., C. L. FREEMAN.

(Filed 3 March, 1948.)

**1. Wills § 4: Frauds, Statute of, § 9—**

An indivisible contract to devise real and personal property comes within the statute of frauds. G. S., 22-2.

**2. Frauds, Statute of, § 3—**

Denial of the contract as alleged is sufficient to raise the defense of the statute of frauds, since it places the burden upon plaintiff of establishing the contract by competent evidence, and if the contract be within the statute, the writing itself is the only competent evidence to prove its existence.

**3. Trial § 14—**

Where, upon the overruling of an objection by the adverse party to a question, counsel, the witness not having answered, formulates the question in different language and the witness answers, the failure to object to the second question cannot be held a waiver of the objection to the first question.

**4. Frauds, Statute of, § 4—**

Defendant's failure to object to parol evidence offered to show the existence of the contract is not a waiver of his defense of the statute of frauds, *a fortiori* if the evidence admitted without objection does not tend to show the existence of the contract but tends only to support a recovery on implied *assumpsit*, since the denial of the contract casts the burden on plaintiff to establish his cause of action by legal evidence.

**5. Frauds, Statute of, § 1—**

Our statute of frauds affects not only the enforcement of contracts coming within its terms but also their validity.

**6. Appeal and Error § 51c—**

Expressions in opinions of the Supreme Court must be considered with a view to the circumstances of their use in order to be correctly understood.

**7. Wills § 5d: Executors and Administrators § 15d—**

Where recovery for breach of an alleged contract to devise and bequeath is precluded by the statute of frauds, evidence that plaintiff rendered per-

sonal services to deceased in reliance upon the agreement warrants the submission of the case to the jury upon implied *assumpsit* or *quantum meruit*, without amendment of the complaint.

APPEAL by defendant from *Sink, J.,* at September Term, 1947, of RUTHERFORD.

Civil action for breach of alleged contract.

The plaintiff was reared in the home of C. L. and Dora Freeman. In 1933 she married Haywood Jamerson. It is alleged that C. L. Freeman consented to the marriage only on condition that plaintiff and her husband "live with him, or on his place, and look after him during his lifetime and that all of his property at his death would go to Annie Forney, now Annie Jamerson," subject to the life occupancy and use by his wife, Dora Freeman. Plaintiff and her husband lived in the home of the Freemans, or on their place, from 1933 until after the death of C. L. Freeman in 1939. During this time plaintiff rendered valuable services to the Freemans—much of it of an onerous and menial character.

C. L. Freeman left a will in which all of his personal property was bequeathed outright to his wife, and all of his land was devised to his wife "to use as she may desire during her natural life, and if upon her death there should be a surplus left of any of said land which she has not disposed of, then in that case I suggest and request that she leave same to Annie Jamerson, whom we have raised from infancy." The estate consisted of land worth from $10,000 to $15,000, and personal property valued at $2,500.

Haywood Jamerson testified that when he sought C. L. Freeman's consent to marry his niece, he replied: "Annie is the only dependence I have, and if you and she marry I want you to come and stay in the house with us, and what is here will be hers after I am dead, . . . subject to my wife possession as long as she lives. . . . He told me several times that he wanted Annie to have what he had after his wife's death; he wanted her to have all he had. . . .

"Q. I wish you would state, if you know, how Annie was to be paid for her services?"

Defendant objects; overruled; exception.

"Q. Go ahead and state, if any time, Cal Freeman said at any time while you and Annie were living there as to what her compensation for services rendered was to be.

"A. All I ever heard she was to get all of his property that was left after his death."

Dwight Logan testified that Cal Freeman told him that "he intended Annie Jamerson to have the biggest part of his property."

Lester Logan testified that he heard Cal Freeman say that Annie "was like one of his kids, that he would do anything for her."

JAMERSON v. LOGAN.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did the plaintiff, Annie Jamerson, during the lifetime of the said C. L. Freeman, enter into a contract as alleged in the complaint? Answer: Yes.

"2. If so, did the plaintiff, Annie Jamerson, on her part, comply with all of her obligations under said contract? Answer: Yes.

"3. Did the said C. L. Freeman breach said contract, as alleged in the complaint? Answer: Yes.

"4. What amount, if any, is the plaintiff entitled to recover? Answer: $10,000."

From judgment on the verdict, the defendant appeals, assigning errors.

*Don C. Young and W. K. McLean for plaintiff, appellee.*

*Hamrick & Hamrick, R. S. Eaves, and Sidney L. Truesdale for defendant, appellant.*

STACY, C. J. We think the plaintiff has misconceived her rights and remedies.

Conceding, without deciding, that the complaint contains sufficient allegation of a special promise on the part of C. L. Freeman to devise and bequeath all of his real and personal property to the plaintiff in consideration of services to be rendered by her—the theory upon which the case was tried—we think the action, as thus encompassed and tried, must fail because the promise falls within the statute of frauds and is not in writing. G. S., 22-2; *Stewart v. Wyrick, ante,* 429; *Coley v. Dalrymple,* 225 N. C., 67, 33 S. E. (2d), 477. An agreement to devise real property is within the statute of frauds, as is also an indivisible contract to devise real and personal property. *Grady v. Faison,* 224 N. C., 567, 31 S. E. (2d), 760.

"Where the plaintiff declares upon a verbal contract, void under the statute of frauds, and the defendant either denies that he made the contract or sets up another and a different agreement, testimony offered to prove the parol contract is incompetent and should be excluded on objection." *Browning v. Berry,* 107 N. C., 231, 12 S. E., 195; Anno. 158 A. L. R., 89, *et seq.*

The defendant does not specially plead the statute of frauds, but he denies the contract in his answer. *Grantham v. Grantham,* 205 N. C., 363, 171 S. E., 331. This put the plaintiff to proof and required her to make out her case, "as a denial of the execution of the contract in the answer was sufficient to protect the defendant from liability under the statute of frauds, and it was not necessary to plead the statute specially." *Miller v. Monazite Co.,* 152 N. C., 608, 68 S. E., 1; *McCall v. Industrial*

*Institute,* 189 N. C., 775, 128 S. E., 349; *Price v. Askins,* 212 N. C., 583, 194 S. E., 248; McIntosh on Procedure, 486. Indeed, it is said in a number of cases that the denial of the contract is equivalent to a plea of the statute. *Ebert v. Disher,* 216 N. C., 36, 3 S. E. (2d), 301; *McCall v. Industrial Institute, supra.* The effect of the defendant's denial was to impose upon the plaintiff the burden of showing a written contract which complies with the statute of frauds, if he would recover on the contract or for its breach. *Henry v. Hilliard,* 155 N. C., 372, 71 S. E., 439, 49 L. R. A. (N. S.), 1; Anno. 158 A. L. R., 122-124.

It is settled by numerous decisions that if the contract be denied, or a contract different from the one alleged is set up, or if the contract be admitted and the statute of frauds specially pleaded, parol evidence is inadmissible to show the existence or terms of the agreement. *Henry v. Hilliard, supra; Holler v. Richards,* 102 N. C., 545, 9 S. E., 460; *Morrison v. Baker,* 81 N. C., 76; *Dunn v. Moore,* 38 N. C., 364. "Where the plaintiff sues upon a contract, the performance of which he seeks to enforce specifically in equity, or for the breach of which he seeks to recover damages at law, he must establish the contract by legal evidence, and if it is required by the statute to be in writing, then by the writing itself, for that is the only admissible proof." *Winders v. Hill,* 144 N. C., 614, 57 S. E., 456; *Balentine v. Gill,* 218 N. C., 496, 11 S. E. (2d), 456; *Morrison v. Baker, supra.*

As a *dernier ressort,* the plaintiff contends that the defendant waived the defense of the statute when he permitted the witness, Haywood Jamerson, to answer the last question propounded to him without objection. (See question and answer above set out.) There are several answers to this contention. In the first place, it will be noted that objection was entered to the question next immediately preceding the one propounded to the witness, and the last question was but another way of formulating the same question which had just been the subject of objection. Secondly, it may be doubted whether this last question and answer, even if admitted without objection, make out a promise on the part of C. L. Freeman to leave his property to the plaintiff by will. *Browning v. Berry, supra.* Thirdly, it was held in *Grantham v. Grantham, supra,* that where there was a denial of the contract the defense of the statute was not waived by a failure to object to the parol evidence offered on the hearing. The holding is supported by several earlier decisions. *Gulley v. Macy,* 84 N. C., 434; *Morrison v. Baker, supra; Bonham v. Craig,* 80 N. C., 224; *Barnes v. Brown,* 71 N. C., 507; *S. c.,* 69 N. C., 439; *Allen v. Chambers,* 39 N. C., 125. See Note, 49 L. R. A. (N. S.), pp. 12 and 18; also 158 A. L. R., 138. The defendant's failure to object to evidence would not perforce work an abandonment of his defense or a waiver of the denial of the contract. *Barnes v. Teague,* 54 N. C., 278; *Hall v. Misenheimer,* 137 N. C., 183, 49 S. E., 104; *Neal v. Trust Co.,*

224 N. C., 103, 29 S. E. (2d), 206; *Harvey v. Linker*, 226 N. C., 711, 40 S. E. (2d), 202. *Cf. Allison v. Steele*, 220 N. C., 318, 17 S. E. (2d), 339. Moreover, in view of the theory of the trial the defendant may have considered any evidence of a parol agreement irrelevant and of no avail to the plaintiff in making out her case. *Luton v. Badham*, 127 N. C., 96, 37 S. E., 143; *Jordan v. Furnace Co.*, 126 N. C., 143, 35 S. E., 247. "As the agreement was denied in the defendant's answer, it was not necessary for him to insist on the statute as a bar. The complainant in such case must produce legal evidence of the agreement which cannot be established by parol proof merely"—*Bank v. Root*, 3 Paige Ch., 478, quoted with approval in *Bonham v. Craig, supra*. Likewise, the following terse statement from *Morrison v. Baker, supra*, has been repeated in a number of later cases: "A contract which the law requires to be in writing can be proved only by the writing itself, not as the *best*, but as the *only admissible evidence of its existence.*" The protection of the statute extends not only to the performance of the contract, but to its discovery as well. *Barnes v. Teague, supra*. To show a parol agreement, when a written one is required, is to fall short of the necessary proof. *Kluttz v. Allison*, 214 N. C., 379, 199 S. E., 395.

The plaintiff would have us adopt the English practice which prevails under a statute somewhat different from ours, and which is enforced as a rule of evidence. *Jordan v. Furnace Co., supra*. The first North Carolina decision on the subject, *Lyon v. Crissman* (1839), 22 N. C., 268, indicated a preference for the English practice, but this was soon abandoned in the case of *Allen v. Chambers* (1845), 39 N. C., 125. Since this latter decision, we have followed the rule that when the protection of the statute is invoked, the plaintiff is entitled to recover only by showing compliance with its provisions. *Gulley v. Macy, supra; Balentine v. Gill, supra*. The English statute of frauds goes only to the enforcement of contracts coming within its terms, and not to their validity. Ours affects the substance as well as the remedy. Hence, the difference in procedural insistence. Expressions may be found in some of the cases which seem to overlook this distinction. However, in most of them it will be discovered that the point now under review was not in focus. Every expression to be correctly understood, ought to be considered with a view to the circumstances of its use. *Krites v. Plott*, 222 N. C., 679, *loc. cit.* 683, 24 S. E. (2d), 531; *U. S. v. Burr*, 4 Cranch., 469. The plaintiff's dernier position is not sustained.

The complaint is broad enough, however, to support a recovery on implied *assumpsit* to pay the plaintiff the reasonable worth of her services or *quantum meruit* as expressed in some of the cases, and there is evidence to warrant the submission of the case to the jury on this theory. *Grady v. Faison, supra; Neal v. Trust Co., supra*. Indeed, it may be doubted whether the complaint or the evidence shows more than a cause

of action for the reasonable worth of plaintiff's services. *Stewart v. Wyrick, supra; Coley v. Dalrymple, supra.* "Where the plaintiff alleged a contract to pay for services performed, and, upon the trial, failed to prove a special contract, but did prove the performance of the services and their value: *Held,* that he was entitled to recover upon *quantum meruit* without amending the complaint." Third Syllabus, *Stokes v. Taylor,* 104 N. C., 394, 10 S. E., 566. See *Roberts v. Woodworking Co.,* 111 N. C., 432, 16 S. E., 415, and McIntosh on Procedure, 421.

The verdict and judgment will be set aside and the cause remanded for trial on the theory of implied *assumpsit* or *quantum meruit.*

New trial.