## SAMUEL ROWLAND v. CALVIN BARNES.

*Contract—Ratification—Statute of Frauds—Form of Action.*

Plaintiff sued defendant for one hundred and twenty-five dollars, the price of a gin which the latter, without any authority from the plaintiff, had sold to one T. on credit. At the time of the suit, which was brought in a justice's court, and in form *ex contractu*, the defendant had collected nothing from T. When informed by defendant of the sale, plaintiff said, " Very well; go ahead and collect the money and remit." In a subsequent conversation, occurring some hours later,

plaintiff said to defendant, "I don't know T. in the transaction; I shall look to you," to which defendant made no reply : *Held*,

(1) That the words, "Go ahead, collect," &c., amounted to a ratification of the sale to T., which the plaintiff was not at liberty afterwards to recall.

(2) That, if any promise to pay could be implied from the silence of the defendant when told that he was to be held responsible, it was a promise to pay the debt of T. which was *nudum pactum* after the previous ratification, and void under the statute of frauds for want of a writing.

(3) That, even assuming that there was no ratification of the sale, plaintiff's remedy was by an action in the nature of *trover*, since no money had been received and no personal benefit derived by defendant.

CIVIL ACTION tried on appeal from a Justice's Court at Spring Term, 1879, of WILSON Superior Court, before *Seymour, J.*

On the trial before the justice of the peace, the plaintiff exhibited an account against the defendant consisting of two items, one for twenty-five dollars for repairing a certain cotton gin, and the other for one hundred and twenty-five dollars the price of another gin. The justice gave judgment for the amount claimed upon the last item and the defendant appealed.

On the trial in the superior court the plaintiff proposed to introduce evidence as to the repairs aforesaid, the repairs to the one gin being done at a different time from the sale of the other gin, and constituting an entirely distinct transaction, but the defendant objected on the ground that the justice had found against the plaintiff on that matter and he had not appealed from the ruling thereon. The objection was overruled, and the plaintiff testified he had repaired the gin at defendant's request, and the work was worth the amount claimed. He further testified that he left another gin in defendant's possession for safe keeping, and defendant had assumed authority without his directions to sell it and did sell it to one Taylor; that when they met some time after the sale, the defendant informed plaintiff of

what he had done, and the plaintiff said, " very well, go ahead and collect the money and remit," and defendant said nothing.    Later in the day they met again, and Taylor's name being mentioned, the plaintiff said, " I don't know Taylor in the transaction, I shall look to you."    Defendant said nothing.

Defendant testified that plaintiff authorized him to sell the gin, that he informed plaintiff of the sale to Taylor, when plaintiff said "very well, go ahead and collect," &c., as testified by him ; that plaintiff never told him he should look to him for pay, and it was not until just before the commencement of this suit, which was more than a year after said conversation, that plaintiff gave him to understand that he, defendant, was to be held  personally responsible.    It was admitted that the defendant never received any pay for the gin from Taylor.

Defendant's counsel insisted that plaintiff could not recover for money had and received, as no money had passed, nor on a promise to be implied from defendant's silence when plaintiff said he would hold him responsible, as the promise to answer Taylor's debt or default would have to be in writing.

His Honor charged the jury if they believed the plaintiff's testimony they might imply from defendant's silence a promise to pay the price of the gin as his own debt, and the jury found a general verdict for plaintiff for one hundred and twenty-five dollars.    Defendant moved for a new trial for misdirection and for error in admitting evidence as to repairs; and for the reason that the plaintiff's evidence disclosed no cause of action *ex contractu*, but only a cause of action for a tort in converting property of the value of more than fifty dollars, in which case a justice of the peace has no jurisdiction.    Motion refused, judgment for plaintiff, appeal by defendant.

*Messrs. Connor & Woodard,* for plaintiff :

The court cannot review the finding of the jury if there was *any* evidence proper to be submitted, of a promise by defendant to pay plaintiff for gin. *Wittkowsky* v. *Wasson,* 71 N. C., 451. Plaintiff declares upon an express promise and relies upon defendant's silence as evidence thereof. 1 Greenl. on Ev., 196 ; *State* v. *Swink,* 2 Dev. & Bat., 9 ; 2 Whar. Ev., § 1142. Plaintiff had his election to sue defendant in tort, or to sue Taylor for the specific property, or to ratify sale and hold defendant responsible.

*Messrs. H. F. Murray* and *Lewis & Strong,* for defendant :

Plaintiff cannot waive tort and sue for price where defend-ant has received no money. *Bullinger* v. *Marshall,* 70 N. C., 526; 25 Mich., 386 ; *Long* v. *Bonner,* 11 Ire., 27. Express promise must be proved ; the fact of conversion where no money is received does not originate implied promise. The words " collect and remit," where silence is relied on, im-port ratification of sale to Taylor, which would establish privity between plaintiff and Taylor and make defendant liable as guarantor, if at all. This collateral engagement is *unwritten* and void under statute of frauds. Defendant being once released by the ratification from personal liability, even express promise to pay would have been *nudum pactum.* If court below erred, prevailing party must show that error was immaterial. *McLenan* v. *Chisholm,* 64 N. C., 329.

ASHE, J. This was an action begun before a justice of the peace, and founded on two accounts, the one for twenty-five dollars for repairing a gin, and the other for one hundred and twenty-five dollars for the price of another gin. The justice refused to give judgment in behalf of the plaintiff on the account for repairing the gin, but did give a judgment against the defendant for one hundred and twenty-five dol-lars, the price of the other gin, and the defendant appealed

to the superior court. Upon the trial of the cause before a jury, the plaintiff proposed to introduce evidence as to the repairs of the gin. The defendant objected on the ground that the justice had found against the plaintiff on that item of the account and he had not appealed. The objection was overruled, the testimony admitted and the defendant excepted to the ruling.

It was proved on the trial by the testimony of the plaintiff that he had left the other gin in the possession of the defendant for safe keeping and he had sold it to one Taylor without any authority from the plaintiff; and when they met some time after the sale and the defendant told the plaintiff what he had done, he said, "very well, go ahead and collect the money and remit," to which the defendant made no reply. Later in the day they met again, and the plaintiff said to defendant, "I don't know Taylor in the transaction, I shall look to you," and defendant said nothing.

His Honor charged the jury that if they believed the plaintiff's testimony they might imply from defendant's silence when plaintiff told him he should look to him for pay, a promise to pay the price of the gin as his own debt. Under this instruction the jury found a verdict for the plaintiff for one hundred and twenty-five dollars. The defendant moved for a new trial on the ground of misdirection in the charge of His Honor, and error in admitting the evidence in regard to the repairs on the gin, and for the reason that the plaintiff's evidence disclosed no cause of action *ex contractu*, but only a cause of action for a tort for the converting of property of the value of more than fifty dollars, in which case a justice of the peace had no jurisdiction. The new trial was refused and the defendant appealed to this court.

1. In the view we take of this case it is not material to consider whether there was error in the admission of the evidence in regard to the repairs on the gin. We are of the

opinion that His Honor did commit an error in his charge to the jury, and that the error arose from a misconception of the legal import of what transpired between the plaintiff and defendant in regard to the sale of the gin. We hold that when the defendant told the plaintiff that he had sold the gin to Taylor and the plaintiff said, "very well, go ahead and collect and remit," that that was an explicit ratification of the sale, and was just as binding on the plaintiff as if he had previously authorized the defendant to make the sale, upon the maxim, " *omnis ratihabitio retrotrahitur et mandato priori æquiparitur.*" And after the sale was once ratified, the plaintiff could not afterwards withdraw his assent and repudiate his authorization of the sale by saying, " I don't know Taylor in the transaction, I shall look to you." To give these words their full force and effect, they can amount to nothing more than a guaranty on the part of the defendant to pay the debt of Taylor. When the ratification of the sale was made, the defendant was discharged from all liability on account of the gin, and the plaintiff assumed to look to Taylor for its price. It was then Taylor's debt. And admitting that when the plaintiff afterwards told the defendant that he would "look to him," and the defendant said nothing, it was an assent to the proposition, but what was the proposition—the legal import of the proposition ? It was that he would hold him responsible for the price of the gin, or in other words, for the debt of Taylor. This is the full scope and meaning of the agreement which it is insisted was then entered into between the parties. It was a promise to be answerable for the debt of another, to pay the price of the gin in the event it could not be collected out of Taylor. The promise was void on two grounds: first, because there was no consideration to support it, and second, because being a contract to answer for the debt of another it was not reduced to writing according to the requirements of the statute of frauds.

2. But conceding that there was no ratification of the sale how does the case stand? The plaintiff brought the action against the defendant for the non-payment of one hundred and fifty dollars due by account. It was an action of *assumpsit* for money had and received to the use of the plaintiff. And in an action of *assumpsit* for money had and received, the *money* must have been received by the defendant or he must have derived some individual benefit from the transaction, as a credit on his account, or some equivalent of such a character as to show that the parties treated it as money. Stephens Nisi Prius, 327. But in this case it is not shown that any money had ever passed from the purchaser to the defendant, and for aught that appears in the transcript the money is still due from Taylor for the price of the gin. The plaintiff, then, has misconceived his action. His only remedy, in this view of the case, against the defendant was an action of *trover* for the conversion of the property, in a court of competent jurisdiction. There is error. Let this be certified to the superior court of Wilson that a new trial may be had.

Error.                                         Reversed.