### J. B. WHITE v. JOSEPH TRIPP.

(Decided December 22, 1899.)

*Custom of Keeping Books—Evidence—Credit, to Whom Given—Statute of Frauds, Code, Sec. 1552.*

1. In a conflict of evidence, it is admissible to prove the custom of keeping books in that section where goods are furnished at the request of a landlord to his tenant—as corroborative evidence.
2. The jury were properly instructed, that if the defendant authorized the selling of the goods to his son, the plaintiff could recover, although they were charged to the son, J. B. Tripp, (Joseph Tripp's surety).
3. The liability of the defendant depended upon his agreement with the plaintiff, and not upon the manner in which the plaintiff stated the account on his books.
4. If the goods were furnished to the son upon the promise and upon the credit of the father, the statute, Code, sec. 1552, did not apply, otherwise, if the son was the principal debtor, and the father merely surety.

CIVIL ACTION for goods furnished, tried before *Moore, J.,* at March Term, 1899, of the Superior Court of PITT County, on appeal from Justice's Court.

The plaintiff testified that he had furnished the goods to J. B. Tripp, son and tenant of defendant, upon the express direction of defendant, before the delivery, and would not have furnished them without, and had refused to do so. That the goods were charged on day-book to J. B. Tripp, to show who got them. On the ledger they were charged to J. B. Tripp, followed by an entry in parenthesis: (Joseph Tripp, surety), and there was evidence, excepted to by defendant, that this was the custom in that section of keeping the books, when goods were furnished to the tenant by direction of the landlord.

The defendant testified that he made no such agreement with the plaintiff, and denied all liability for the goods furnished to his son.

The charge of his Honor, excepted to by defendant, appears in the opinion.

Verdict and judgment for plaintiff. Appeal by defendant.

*Messrs. Jarvis & Blow,* for appellant.

*Messrs. Aycock & Daniels,* and *J. L. Fleming,* for appellee.

FAIRCLOTH, C. J.   The verdict settles the question of debt in favor of plaintiff unless some error was committed during the trial.   The plaintiff testified in favor of his claim and the defendant's testimony was in conflict with the plaintiff's. Each side introduced other witnesses in support of his statement, all of which was considered by the jury.   The defendant insisted that his promise was void (Code, sec. 1552), as a promise to pay the debt of another.   The plaintiff was allowed to prove by the defendant's witness the custom of keeping books in that section, where goods are furnished at the request of a third party, when the third person is a landlord of him to whom the goods are to be furnished, and the defendant excepted.   The competency of this evidence is the principal question in the case.   We think the evidence was corroborative, and in that view competent.   The plaintiff had testified positively, and the defendant's evidence tended to impeach the plaintiff's testimony, and the usage and method of keeping accounts in such cases were circumstances which might aid the jury in arriving at a just conclusion. Such custom and usage have been held competent.   1 Greenleaf Ev., secs. 116 and 118; *Harrison v. Hall,* 124 N. C., 626.   His Honor told the jury that, if the defendant author-

ized the selling to the son, the plaintiff could recover, although the goods were charged to J. B. Tripp in the manner stated in the case. He also charged the jury on the law of principal and agent, and that if the credit was given to J. B. Tripp, with Joseph Tripp as surety, then the defendant would not be liable. There is nothing in these instructions of which the defendant can justly complain. The promise, as the jury have found it to be under the charge, is not required to be in writing. *Neal v. Bellamy,* 73 N. C., 384.

The liability of the defendant depends upon his agreement with, or promise to, the plaintiff, and not upon the manner in which the plaintiff stated the account on his books. The latter was evidence, properly before the jury, under the circumstances, and for the purpose already stated.

Affirmed.