J. F. JORDAN and S. N. NOBLE v. GREENSBORO FURNACE CO.,
Dr. J. M. WORTH, *et al.*

(Decided March 13, 1900.)

*Parol Contract for Five Years—Statute of Frauds, Section
1245 of The Code, Compared with 29, Charles II—
Compensation for Improvements Contra-Distinguished
from Damages for Non-Performance—Exceptions to
Evidence—Practice.*

1. Evidence on the part of the plaintiffs, after objection by the defendants, to prove a parol agreement for a lease for five years of realty from the defendants to plaintiffs, is incompetent under statute of frauds, sec. 1245 of The Code.

2. The courts of England hold, in construing their statute of frauds, 29 Charles II, that to get the advantage of the statute it should be properly pleaded.

3. The rule here is, in construing the North Carolina statute, that where the plaintiff declares upon a verbal promise, void under the statute, and the defendant either denies that he made the promise, or sets up another and different contract, or admits the promise and pleads specially the statute, testimony offered to prove the promise is incompetent, and should be excluded on objection.

4. While a purchaser of real estate by parol should have compensation for improvements put upon the land, as equitable relief, an action for damages can not be sustained for the non-performance of such a contract.

5. An exception to evidence is sufficiently stated when it appears in the statement of the case that objection was made to the evidence when offered, that the objection was overruled, and that the exception was entered.

CIVIL ACTION for damages for the non-performance of a parol agreement to lease to the plaintiffs for a term of five years the plant of the North Carolina Steel and Iron Com-

pany, tried before *Timberlake, J.,* at May Special Term, 1899, of GUILFORD Superior Court.

Evidence of such parol agreement between the parties was offered by the plaintiffs, and objected to by the defendants, but admitted by the Court. Defendants deny that there was such an agreement, and excepted.

There was a verdict for plaintiffs for $1,500. Judgment for plaintiffs accordingly. Defendants appealed.

*Messrs. J. A. Barringer,* and *A. M. Scales, Adams & Douglas,* and *J. N. Wilson,* for appellants.

*Messrs. Bynum & Bynum,* and *King & Kimball,* for appellees.

MONTGOMERY, J. This action was brought to recover damages for the alleged failure of the defendants to execute a parol agreement alleged to have been entered into between the plaintiffs and defendants by which the defendants were to lease to the plaintiffs, for a term greater than three years, the plant of the North Carolina Steel and Iron Company. The cause of action as set out in the plaintiffs' complaint is stated substantially as follows:

1. That in the year 1895 the North Carolina Steel and Iron Company, a corporation, was unable to meet its indebtedness, amounting to $26,000, and agreed to sell, and the plaintiffs agreed to buy the plant and all its belongings for the amount of the indebtedness.

2. That before a meeting of the company was called to ratify the sale, J. M. Worth and his associates, defendants, represented to the plaintiffs that they, Worth and his associates, had contributed to the company a large amount of money, which would be entirely lost to them by a sale to out-

siders, and asked the plaintiffs to allow him and his associates to purchase the plant from the company.

3. That the plaintiffs had already expended a large sum in trying to effect a sale or lease of the property, and that various persons owning property near the plant had agreed to convey to plaintiffs a large number of valuable lots if the plaintiffs would put the plant in operation, and therefore the plaintiffs could not surrender their interest without some guarantee to receive a lease of it, after Worth and his associates should make the purchase.

4. That the defendants then agreed that if the plaintiffs would assign their interest, that he and his associates would lease for a term of five years, after a new company had been formed, to the plaintiffs upon their making a reasonable proposition, and that the plaintiffs agreed therefor to transfer their right to Worth and his associates and did so in writing, and asked the said company to sell and convey to defendants the property.

5. That the company thereupon sold and conveyed to Worth and his associates the entire plant, and they then organized the Greensboro Furnace Company, with Worth and his associates as incorporators.

6. That after the new company was formed the plaintiffs offered a reasonable proposition for a lease of the property according to the previous understanding, which the defendants accepted, but afterwards refused to sign when the lease in writing was tendered.

The defendants in their answer denied the main allegations of the complaint, and especially the ninth paragraph in which was alleged the parol agreement for the lease.

His Honor was of opinion that the plaintiffs could recover damages for the amount which they had expended in trying

to effect a sale or lease of the property for the company, and also damages for the loss of the lots which they would have received if they had leased the plant and put it in operation, that is, if the proof offered on those heads should satisfy the jury of the truth of the allegations, and he therefore allowed and received evidence on the part of the plaintiffs to prove the parol agreement for the lease of the plant of the company for five years to the plaintiffs. The evidence was objected to at the time it was offered, and upon the objection being over-ruled, the defendants entered their exception.

We are of the opinion that his Honor erred in the receiving of the evidence, because it was incompetent. It is true the statute of frauds was not specially pleaded in the answer, but the allegations of the complaint in reference to the parol contract of lease were denied, and upon that denial in the answer all testimony offered to prove the parol agreement should have been rejected. That part of our statute of frauds which concerns the lease or sale of land, sec. 1245 of The Code, has changed somewhat the phraseology of the English statute, 29 Charles II, and that change has brought about a different construction on the part of our Court from that of the English courts on the point before us. The courts of England have declared that the substance of contracts within the statute is not affected by the statute, but that whether they are to be enforced or not is dependent upon the enforcement of a rule of evidence, and therefore it is necessary in order to get the advantage of the statute that it should be properly pleaded. Our Court, however, holds that the statute affects the contract itself, and therefore whenever one is required to prove the contract which he seeks to enforce (if it be one within the purview of the statute) he must show that it has been executed in contemplation of the statute, and that by legal evidence.

*Gully v. Macy,* 84 N. C. 434.   The rule is that "where the plaintiff declares upon a verbal promise, void under the statute of frauds, and the defendant either denies that he made the promise or sets up another and different contract, or admits the promise and pleads specially the statute, testimony offered to prove the promise is incompetent, and should be excluded on objection."   *Holler v. Richards,* 102 N. C., 545, and cases there cited.

But the plaintiffs' counsel insisted that this action is not brought to enforce the contract or to have specific perform-ance, but to recover damages, because of the refusal of the defendants to execute in due form the parol agreement of lease.   That is true, but the plaintiffs can not recover dam-ages for a violation of a void contract.   In *Wade v. City of New Bern,* 77 N. C., 460, the city had agreed by parol to make a lease of certain real estate for ten years to the plain-tiff, and, on a refusal to sign the lease, the plaintiff declared on a breach of contract and for damages for the breach, and this Court said: "Whether the city is liable to one who has *bona fide* performed labor under a void contract is a question which does not arise here.   The complaint is for a breach of contract, and the prayer is for damages resulting from the breach on the part of the defendant.   The position is too plain for doubt that an action can not be maintained for damages for the breach of a void contract."

In *McCracken v. McCracken,* 88 N. C., 272, the Court said, after reciting the principle on which *Albea v. Griffin,* 22 N. C., 9, was decided, that is, that a purchaser of real estate by parol should have compensation for improvements put upon the land, because it would be against conscience to permit the owner, in such a condition, to enjoy the fruits of another's labor or the expenditure of another's money, and thus benefit himself to the hurt of another: "But neither in

that case nor in any other in which its principles have been adopted—and there are many such—is there even a suggestion to be found that an action can be sustained in any form or in any court, whether at law or in equity, for damages for the non-performance of such a contract. And that is simply what this action is, nothing more nor less. To permit it to be done would be for the courts to act in the very teeth of the statute in defiance of the declared will of the Legislature."

Our Court has gone no farther than the case of *Albea v. Griffin, supra,* in the line of granting compensation to injured parties under parol contracts to convey land, and surely this case does not touch that in any respect. The plant of the defendant company has not been benefitted or improved with the plaintiff's money to the amount of a cent. According to the plaintiffs' statement, which is denied by that of the defendants, the plaintiffs trusted to the word of the defendant and have been damaged pecuniarily, as they allege. Whatever loss they may have sustained they must bear, for the contract was about a subject matter which the law required to be in writing, and which we have seen was not.

The plaintiffs made a motion in this Court to dismiss the appeal because the exceptions to the evidence were not specifically assigned as error in the conclusion of the case on appeal. It was not necessary to have made such an assignment of error. It appeared in the statement of the case that objection was made to the evidence when it was offered, that the objection was overruled, and that the defendants' exception was then entered. That was sufficient, and no case can be found in our decisions to the contrary.

'New trial.

DOUGLAS, J., did not sit on the hearing of this appeal.