SHEPPARD v. NEWTON.

(Filed November 15, 1905).

*Statute of Frauds—Debt of a Third Person—Evidence.*

1. Where a defendant has made a promise to answer the debt of another and seeks protection under the provisions of section 1552 of The Code, it must be shown that the debt is that of a third person, and that such person continues liable for the same. If the debt claimed is an original obligation of the defendant, or if the creditor, in accepting the obligation or promise of the defendant and in consideration thereof, has released a third person who was the original debtor, the statute has no application.

2. In an action to recover balance of house rent where the plaintiff testified that he rented the house to the defendant through an an agent and that the defendant paid the rent in person and through his employer, and that the defendant promised to pay the balance due and the employer testified that he charged the money to the defendant's account; and the defendant testified that he paid the rent for his mother and that he never rented the house, and the agent testified that he did not rent the house to the defendant, *held,* that the plaintiff is entitled to have the case submitted to the jury on the question whether the defendant is not answerable as the original or present debtor.

ACTION by B. J. Sheppard against Jerry Newton to recover $81 alleged to be due for the rent of a house, tried on appeal from a justice of the peace, by *Judge Henry R. Bryan* and a jury, at the September Term, 1905, of the Superior Court of FORSYTH County. The defendant denied any and all liability on the issue as to indebtedness. Both sides offered testimony as follows:

The plaintiff testified: "I claim $81 and interest from the defendant as house rent. The defendant had rented the house for two or three years. The house was rented at first to Rufe Ogburn; he occupied it over a year and then exchanged houses with the defendant Newton, and Newton and his father's family went into the house. Ogburn and

Newton exchanged houses in 1898.  I never rented the house to the defendant's father.  The defendant paid me $200 or $300 on account of rent, and no one else ever paid any rent. The house rented for $9 per month; the defendant paid the rent; his last payment was December 4, 1901, and that was paid after the defendant gave up the house—two months after.  Sometimes the defendant would pay in cash and sometimes through Lipfert, Scales & Co.; the defendant worked with them.  I rented the house to Rufe Ogburn; never rented it to anyone else except through Ogburn; I never rented it to the defendant except through an agent.  The father and mother of the defendant lived there in the house, I suppose. I collected rent from the defendant, and he said he would be responsible for it.  There is still a balance of $81 due from the defendant for rent."

Frank Lipfert, for plaintiff, testified: "The defendant worked for me.  I paid the plaintiff money for the defendant several times and charged it to the defendant's account."

Rufus Ogburn, for the defendant, testified: "I rented the house twelve months and exchanged it with Mrs. Newton and she went in there.  I received the rent from Mrs. Newton.  Jerry Newton lived there until he was married there; I never said a word to him about it."

The defendant, as witness for himself, testified: "I never rented from Sheppard or promised to pay him anything; don't know who rented the house.  I paid Sheppard for my mother; I boarded with her; I boarded there sometime; I don't know that I paid the rent after I left there; I think I paid some after I quit boarding there.  After I left there I paid, I think, what was paid.  I don't know who rented the house from Sheppard nor how much it rented for; I never promised to pay the rent.  Sheppard kept writing to me about it so sharp, I just concluded that I would not have any more to do with it."

The plaintiff then testified as follows:  "I would get after

Newton and urge him to pay me this balance of $81, and he would tell me he would pay it as soon as convenient.    On one occasion he promised to pay me, but said he was then building a house and was hard up for funds."

On motions made in apt time by the defendant, there was judgment dismissing the action as on nonsuit and the plaintiff excepted and appealed.

*Lindsay Patterson* for the plaintiff.
No counsel for the defendant.

HOKE, J., after stating the case:   His Honor below directed a nonsuit, holding that on the foregoing testimony, recovery by the plaintiff was prevented by the Statute of Frauds, Code, sec. 1552, which provides, among other things, that no action shall be brought to charge any defendant upon a special promise to answer the debt, default or miscarriage of another person, unless the agreement shall be in writing.

When a defendant has made a contract or promise of this character, otherwise binding and seeks protection under the provisions of this statute, it must be shown that the debt is that of a third person, and that such person continues liable for the same.   If the debt claimed is an original obligation of the defendant, or if the creditor, in accepting the obligation or promise of the defendant and in consideration therefor, has released a third person who was the original debtor, the statute has no application.   This instance of the doctrine is well expressed by *Butler, J.,* in *Packer v. Benton,* 35 Conn., 350, where the promise to which this feature of the statute applies is thus defined:   "An undertaking by a person not before liable, for the purpose of securing or performing the same duty for which the party, for whom the undertaking is made, continues liable."

A statement on the same subject, somewhat more extended and very satisfactory, will be found in Clark on Contracts,

p. 67, as follows: "There must either be a present or pro-
spective liability of a third person for which the promisor
agrees to answer. If the promisor becomes himself prima-
rily and not collaterally liable, the promise is not within the
statute, though the benefit from the transaction accrues to a
third person. If, for instance, two persons come into a
store and one buys and the other, to gain him credit, promises
the seller 'if he does not pay you, I will,' this is a collateral
undertaking and must be in writing; but if he says, 'Let
him have the goods and I will pay,' or 'I will see you paid,'
and credit is given to him alone, he is himself the buyer,
and the undertaking is original. In other words whether
the promise in such a case is within the statute depends on
how the credit was given. If it was given exclusively to
the promisor, his undertaking is original; but it is collateral,
if any credit was given to the other party." To like effect
are the decisions of our own court. *Whitehurst v. Hyman,*
90 N. C., 487; *White v. Tripp,* 125 N. C., 523.

Applying these principles to the foregoing statement of the
evidence, the court is of opinion that there was error in di-
recting a nonsuit, and the plaintiff is entitled to have his
cause submitted to the jury on the question whether the de-
fendant is not answerable as the original or present debtor
on the plaintiff's demand.

New Trial.