### E. S. FORD v. DeWITT MOORE.

(Filed 27 March, 1918.)

**Statute of Frauds—Debt of Another—Promise—Consideration.**

> Where money and crop supplies are advanced to a father and son upon the promise of the father alone to pay for them, and accordingly the credit is extended at the time or thereafter, the transaction does not fall within the meaning of the statute of frauds requiring a writing, etc., for one to become bound for the debt, etc., of another; and when there is evidence of such transaction, a motion as of nonsuit should be denied.

CIVIL ACTION to recover a debt, tried before *Lyon, J.,* at November Term, 1917, of FRANKLIN.

From a judgment of nonsuit plaintiff appealed.

*W. H. Yarborough and Ben T. Holden for plaintiff.*
*W. H. Ruffin, Thomas W. Ruffin, and W. M. Person for defendant.*

BROWN, J. This action is brought to recover $592.99 for money, supplies, and a horse alleged to have been furnished to defendant and his son, John D. Moore. At the close of the evidence, the court, being of opinion that there is no evidence that the credit was extended to defendant, or that he was the original promissor, and the contract not being in writing, sustained a motion to nonsuit.

There is evidence that in the beginning of the year 1914 this defendant went to plaintiff, a merchant engaged in the mercantile and livestock business, and made a contract with plaintiff for advances for him-

self and his son, John Moore; that defendant obtained $34 in cash at once to pay his son's account at McKennis'; that he purchased a horse for him, and that plaintiff advanced during the year to the son feed supplies and some money with which to make a crop.

There is evidence that at the time of the arrangement defendant told plaintiff that he did not wish his son to know that he was helping him. For the protection of defendant, the plaintiff caused the son to execute a crop lien and chattel mortgage. The advances were charged on the books to the defendant, DeWitt Moore and John D. Moore.

We are of opinion that the court erred in sustaining the motion to nonsuit.

There is abundant evidence to go to the jury that the promise of defendant was made before the debt was created; that the credit was extended solely to him, and that if any credit was extended to the son it was in the capacity of a joint principal with his father. *Morrison v. Baker,* 81 N. C., 81; *Sheppard v. Newton,* 139 N. C., 536.

It is immaterial that the account was charged on the books against both father and son, if the credit was extended to the former. The obligation of the promissor is binding if made at the time or before the debt is contracted when the credit is extended to him or to both him and his codebtor. *Peele v. Powell,* 156 N. C., 553; *Worthington v. Frizelle & Joly,* 93 S. E., 776.

Reversed.