P. E. BROWN v. BRANSOM BENTON ET AL.

(Filed 22 January, 1936.)

1. **Frauds, Statute of, A a—Agreement held original promise not within statute.**

Defendants agreed orally to be personally responsible for merchandise shipped to a corporation of which they were the main stockholders, and which they later took over. *Held:* Under the evidence, the agreement was an original promise not coming within the statute of frauds. C. S., 987.

2. **Same—Evidence of whether original promise covered subsequent shipment held for jury.**

Evidence on behalf of plaintiff tended to show that defendants ordered two or three cars of lumber to be shipped to a corporation of which they were the main stockholders, both defendants being present and promising to be personally responsible therefor. The first car was shipped, and thereafter one of defendants went to plaintiff and told him to ship another car under the same arrangements. The first car was paid for, and plaintiff instituted this suit against the individual defendants to recover the purchase price of the second car. *Held:* The evidence was sufficient to be submitted to the jury on the question whether the original promise of both defendants, made when both were present, covered the second car as well as the first.

APPEAL by individual defendants from *Clement, J.,* at June Term, 1935, of WILKES.

Civil action to recover for car of lumber shipped by plaintiff to B. L. Johnson & Company, Inc., at the instance and request of individual defendants.

The plaintiff originally sought to hold the corporate defendant, as well as the individual defendants, liable for the lumber shipped, but over objection was allowed to amend and declare upon an original promise made by the individual defendants. A voluntary judgment of nonsuit was then taken as to the corporate defendant.

Plaintiff testified: Just prior to 29 March, 1929, Bransom Benton and R. G. Finley came to my lumber plant and ordered two or three cars of dry white pine lumber shipped to B. L. Johnson Company, Inc., at Roaring River. They paid for the first car, shipped 26 March, but not for the second, which was shipped on 9 May. The second car is the one now in suit. The balance due on this car is $546.89, with interest from 9 June, 1929. The understanding was that I should ship and bill the lumber to B. L. Johnson Company, "and they would be personally responsible to me." Just prior to 9 May, 1929, Mr. Benton came down there and said they would need another car, the same as I had shipped before. He said: "The arrangement is you are to ship it and Finley and myself will be responsible for it." I knew that Benton and Finley took over the B. L. Johnson & Company. They were the main stockholders.

From a verdict and judgment for plaintiff against the individual defendants they appeal, assigning errors.

*John R. Jones and J. M. Brown for plaintiff.*
*A. H. Casey for defendant Benton.*
*J. H. Whicker for defendant Finley.*

STACY, C. J.  Appellants in their brief seek to avoid liability on the ground that the contract alleged to have been breached is a collateral agreement, resting in parol, and therefore not enforceable under the statute of frauds.  C. S., 987.  All the evidence is to the contrary. *Newbern v. Fisher,* 198 N. C., 385, 151 S. E., 875.

Plaintiff has declared upon an original promise not within the statute of frauds.  *Dozier v. Wood,* 208 N. C., 414; *Peele v. Powell,* 156 N. C., 553, 73 S. E., 234, on rehearing, 161 N. C., 50, 76 S. E., 698; *Sheppard v. Newton,* 139 N. C., 533, 52 S. E., 143.

The only point mooted on trial was whether the promise of the defendants went beyond the first car of lumber and included the second. The jury found that it did.  This was an issue of fact determinable alone by the twelve.

The defendant Finley resists recovery on the ground that he was not present when the second car was ordered, and that Benton was not authorized to speak for him at that time.  The jury found, however, under proper instructions, that the original authorization, given by both of the individual defendants, was sufficient to cover the second as well as the first car.

The record is free from reversible error, hence the verdict and judgment will be upheld.

No error.