GEORGE H. BALENTINE ET AL. v. E. B. GILL ET AL.

(Filed 20 November, 1940.)

1. **Judgments § 17b—**

The right to recover will be determined in accordance with the theory of the complaint.

2. **Frauds, Statute of, § 5—**

A promise is an original promise not coming within the statute of frauds if the extension of credit is made to the promisor or if the contract is made for the benefit of the promisor; but if the contract is made with a third person and the promise constitutes a separate and independent contract under which the promisor agrees to pay upon default of the primary debtor, the promise is a collateral agreement and comes within the statute. C. S., 987.

3. **Same—Complaint held to allege collateral promise to answer for debt or default of another.**

The complaint alleged that plaintiff reconditioned certain gin machinery on the property under a contract with defendant tenant who had an option to purchase the gin from the defendant landlord, and that the landlord promised to pay for the work if plaintiffs were unable to collect from the tenant-optionee. *Held:* In regard to the liability of the landlord, the complaint alleges a promise to answer for the debt or default of another within the provision of the statute of frauds, C. S., 987, nor does an allegation that the contract was made at the instance and request of

the landlord aid plaintiffs in the absence of allegations that the contract was made for the landlord's benefit or that the extension of credit was made to the landlord.

**4. Frauds, Statute of, § 7—**

Where the defense of the statute of frauds is properly presented, only written evidence of the agreement is competent, and parol evidence that the extension of credit was made to the promisor is incompetent.

**5. Frauds, Statute of, § 6—**

A defendant may invoke the defense of the statute of frauds either by denying the promise or setting up another and different contract, and objecting to the evidence, without pleading the statute, or he may admit the contract and specifically plead the statute.

APPEAL by defendant E. B. Gill from *Williams, J.,* at May Term, 1940, of WAKE.

Civil action to recover balance due for work done and materials furnished.

On 19 April, 1938, E. B. Gill leased a cotton gin and ice plant in the town of Zebulon to P. C. Warren with option to buy on or before 31 December, 1938. It is alleged in the original complaint that in the spring of 1938, at the instance of the defendant Gill, the plaintiffs communicated with his tenant and entered into a contract with him to rebuild and recondition the two Diesel engines located on the property; that the plaintiffs, "acting under said agreement with P. C. Warren," rebuilt and reconditioned the engines at a cost of $1,757.00; that Warren has paid only about one-third of plaintiffs' claim and they here seek to recover the balance due.

The defendant Gill interposed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against him or to support a lien against his property. (The lien has not been pursued.)

Whereupon, an amended complaint was filed in which the plaintiffs "reiterated the allegations of their original complaint," and further allege:

1. That E. B. Gill advised the plaintiffs to make the contract with Warren and to collect from him if possible, and "that if the cost of the work did not exceed $2,000 he would pay any amount which plaintiffs were unable to collect from the lessee."

2. That in accordance with the request of E. B. Gill the plaintiffs "entered into an agreement with P. C. Warren" for the reconditioning of the machinery, etc.

The defendant Gill filed answer in which he denied the allegations of the amended complaint and pleaded the statute of frauds, C. S., 987.

Motion for judgment on the pleadings was denied, and, over objection,

the plaintiffs were allowed to offer evidence tending to show that their extension of credit was to Gill and not to Warren.

The jury returned verdict that the defendant Gill is indebted to the plaintiffs in the sum of $1,078.41. From judgment thereon, the defendant Gill appeals, assigning errors.

*Jones & Brassfield for plaintiffs, appellees.*
*A. R. House and J. G. Mills for defendant Gill, appellant.*

STACY, C. J. It appears from a perusal of the pleadings that the plaintiffs are here seeking to hold the defendant Gill on his alleged oral agreement to answer the debt, default or miscarriage of his tenant-optionee and codefendant Warren. Gill denies the alleged agreement and pleads the statute of frauds. C. S., 987. In this state of the record, it is difficult to see how the plaintiffs can get along as against the defendant Gill. *Henry v. Hilliard,* 155 N. C., 372, 71 S. E., 439, 49 L. R. A. (N. S.), 1; *Gulley v. Macy,* 84 N. C., 434; McIntosh on Procedure, 486.

Recovery is to be had, if allowed at all, on the theory of the complaint, and not otherwise. *Barron v. Cain,* 216 N. C., 282, 4 S. E. (2d), 618; *Talley v. Quarries Co.,* 174 N. C., 445, 93 S. E., 995. Here, the plaintiffs have declared on a direct contract with Warren and a collateral contract with Gill. The two are separate and distinct. The one is not within the statute of frauds; the other is. *Dozier v. Wood,* 208 N. C., 414, 181 S. E., 336; *Taylor v. Lee,* 187 N. C., 393, 121 S. E., 659. Neither Warren nor Gill is a party to the other's agreement. Indeed, Gill's agreement was not known to Warren. Judgment is demanded on both contracts. The contract with Gill comes within that section of the statute of frauds which provides that no action shall be brought on any special promise to answer the debt, default or miscarriage of another, unless the agreement, or some memorandum or note thereof, shall be in writing and signed by the party charged therewith or some other person thereunto by him lawfully authorized. C. S., 987; *Novelty Co. v. Andrews,* 188 N. C., 59, 123 S. E., 314.

So far as Gill is concerned, the action is to recover on his alleged collateral agreement, which is required to be in writing to withstand a plea of the statute of frauds or to insure recovery against such plea. *Gennett v. Lyerly,* 207 N. C., 201, 176 S. E., 275; *Newbern v. Fisher,* 198 N. C., 385, 151 S. E., 875; *Whitehurst v. Padgett,* 157 N. C., 424, 73 S. E., 240; *Peele v. Powell,* 156 N. C., 553, 73 S. E., 234; *Sheppard v. Newton,* 139 N. C., 533, 52 S. E., 143; *Garrett-Williams Co. v. Hamill,* 131 N. C., 57, 42 S. E., 448.

The plaintiffs insist that their agreement with Gill is not within the statute of frauds, and for this they rely upon the decisions in *Brown v. Benton,* 209 N. C., 285, 183 S. E., 292; *Garren v. Youngblood,* 207 N. C., 86, 176 S. E., 252; *Whitehurst v. Padgett, supra; Dale v. Lumber Co.,* 152 N. C., 651, 68 S. E., 134; *Whitehurst v. Hyman,* 90 N. C., 487; *Mason v. Wilson,* 84 N. C., 51; *Threadgill v. McLendon,* 76 N. C., 24. In each of these cases, however, the declaration was not on a superadded or collateral agreement, as here, but on an original promise.

The declaration in the instant case is more nearly like the example put by Mr. Clark in his work on Contracts, 67: "If, for instance, two persons come into a store and one buys and the other, to gain him credit, promises the seller, 'If he does not pay you, I will,' this is a collateral undertaking and must be in writing; but if he says, 'Let him have the goods and I will pay,' or 'I will see you paid,' and credit is given to him alone, he is himself the buyer, and the undertaking is original." To like effect are our own decisions. *Haun v. Burrell,* 119 N. C., 544, 26 S. E., 111; *Rowland v. Barnes,* 81 N. C., 239; *Scott v. Bryan,* 73 N. C., 582.

It all comes to this: Whose debt is it? How was the credit extended? It is alleged in the complaint that the contract was made with Warren and that Gill agreed to pay if Warren defaulted, and to make good his default. Thus, it is the theory of the complaint that Gill promised to answer for the debt, default or miscarriage of Warren. To prove such promise some competent writing must be shown. None appears.

It is true there is also allegation that the contract was made with Warren at the instance of Gill and at his request. But it is not alleged, invocative of the "main purpose doctrine," that it was made for Gill's benefit or upon an extension of credit to him. *Coxe v. Dillard,* 197 N. C., 344, 68 S. E., 134; *Ford v. Moore,* 175 N. C., 260, 95 S. E., 485; *Handle Co. v. Plumbing Co.,* 171 N. C., 495, 88 S. E., 514; *Emerson v. Slater,* 63 U. S., 28; *Davis v. Patrick,* 141 U. S., 749; 2 Williston on Contracts, sec. 470; 13 N. C. L., 263.

On the other hand, the defendant asserts the main purpose of the repairs was to enable Warren to operate the gin and ice plant, which he did, albeit it does not appear that he later exercised the option to buy.

It follows, therefore, that the case was erroneously submitted to the jury as to Gill's liability on the evidence offered by the plaintiffs. "A contract which the law required to be in writing can be proved only by the writing itself, not as the *best,* but as the *only admissible evidence of its existence.*" *Morrison v. Baker,* 81 N. C., 76; *Bonham v. Craig,* 80 N. C., 224; *Gulley v. Macy, supra; Kluttz v. Allison,* 214 N. C., 379, 199 S. E., 395.

Had the defendant admitted the agreement as alleged by the plaintiffs and not pleaded the statute of frauds, quite a different situation would have arisen. *Henry v. Hilliard, supra.* The rule is, however, that where the plaintiff declares on a verbal promise, unenforceable under the statute of frauds, and the defendant either denies that he made the promise or sets up another and different contract, or admits the promise and invokes the protection of the statute by special plea or answer, testimony offered to prove the promise is incompetent and should be excluded. *Winders v. Hill,* 144 N. C., 614, 57 S. E., 456; *Holler v. Richards,* 102 N. C., 545, 9 S. E., 460; *Jordan v. Furnace Co.,* 126 N. C., 143, 35 S. E., 247; *Browning v. Berry,* 107 N. C., 231, 12 S. E., 195. "The party to be charged may simply deny the contract alleged, or deny it and set up a different contract, and avail himself of the statute, without pleading it, by objecting to the evidence; or he may admit the contract and plead the statute; and in either case the contract cannot be enforced"— *Allen, J.,* in *Henry v. Hilliard, supra.*

On the record as presented, the plaintiffs are not entitled to judgment against the defendant Gill.

Reversed.