VANDERBILT TIRE & RUBBER CORPORATION v. A. F. BOWEN, TRADING
AS IDEAL OIL COMPANY, AND FRED E. WEAVER, TRADING AS SHELL
SUPER SERVICE STATION.

(Filed 25 March, 1953.)

**Frauds, Statute of, § 5—**

> Testimony tending to show that plaintiff furnished goods to one person
> on the strength of another person's unconditional promise to pay for them
> and on the strength of such other person's credit, is sufficient to make such
> other person's liability to plaintiff for the unpaid portion of the sale price
> a question for the jury.

APPEAL by defendant A. F. Bowen, trading as Ideal Oil Company,
from *Godwin, Special Judge,* and a jury, at August Term, 1952, of
JOHNSTON.

Civil action by seller to recover the sale price of goods.

For ease of narration, the plaintiff Vanderbilt Tire & Rubber Corpo-
ration is called the plaintiff, and the defendants A. F. Bowen, trading as
Ideal Oil Company, and Fred E. Weaver, trading as Shell Super Service
Station, are designated by their respective surnames.

The complaint alleged that the plaintiff sold certain automobile tires
and tubes to the defendants jointly and prayed judgment against both of
them for the unpaid portion of the sale price. The answers averred that
the plaintiff sold the tires and tubes to Weaver alone under contracts to
which Bowen was not a party.

The plaintiff offered testimony at the trial tending to show that the
tires and tubes were furnished by it to Weaver on the credit of Bowen and
on the strength of Bowen's unconditional promise to pay for. them, and
that the remainder due on the purchase price was $372.09. The defend-
ants presented evidence indicating that Weaver was the sole buyer of the
goods in controversy.

These issues were submitted to the jury: (1) In what amount is the
defendant A. F. Bowen, t/a Ideal Oil Company, indebted to the plaintiff?
(2) In what amount is the defendant Fred E. Weaver, t/a Shell Super
Service Station, indebted to the plaintiff?

The jury answered the first issue "$372.09," and the second issue
"nothing." The trial judge entered judgment "that the plaintiff have and
recover of the defendant A. F. Bowen, t/a Ideal Oil Company, the sum
of $372.09, together with the costs of this action," and the defendant
Bowen appealed, assigning errors.

*A. M. Noble for plaintiff, appellee.*

*E. J. Wellons and O. L. Duncan for defendant A. F. Bowen, trading as
Ideal Oil Company, appellant.*

ERVIN, J.   The assignments of error raise these questions:

1. Did the court err in refusing to dismiss the action upon a compulsory nonsuit as to the defendant Bowen after all the evidence was in?

2. Did the court commit prejudicial error in its charge to the jury?

The trial judge rightly refused the motion of the defendant Bowen for an involuntary nonsuit.   The testimony tending to show that the goods were furnished by plaintiff to Weaver on Bowen's credit and on the strength of Bowen's unconditional promise to pay for them was sufficient to make Bowen's liability to plaintiff for the unpaid portion of the sale price a question for the jury.   *Noland Co., Inc., v. Jones,* 211 N.C. 462, 190 S.E. 720; *Brown v. Benton,* 209 N.C. 285, 183 S.E. 292; *Beck v. Halliwell,* 202 N.C. 846, 163 S.E. 747; *Tarkington v. Griffield,* 188 N.C. 140, 124 S.E. 129; *Taylor v. Lee,* 187 N.C. 393, 121 S.E. 659; *Ford v. Moore,* 175 N.C. 260, 95 S.E. 485; *Whitehurst v. Padgett,* 157 N.C. 424, 73 S.E. 240; *Peele v. Powell,* 156 N.C. 553, 73 S.E. 234; *Sheppard v. Newton,* 139 N.C. 533, 52 S.E. 143; *White v. Tripp,* 125 N.C. 523, 34 S.E. 686; *Morrison v. Baker,* 81 N.C. 76; *Neal v. Bellamy,* 73 N.C. 384.

The exceptions to the charge require no elaboration.   One of them is addressed to a statement of contentions legitimately arising on the evidence.   The others challenge instructions embodying sound legal propositions.

Since the trial was free from legal error, the judgment of the lower court will be upheld.

No error.